POWER ET AL., respondents, *v.* BOARD OF COUNTY COM-
MISSIONERS OF CHOTEAU COUNTY, appellant.

*The rate of mileage of judges of the supreme court defined.* — Section 602,
division 5, Revised Statutes of Montana (sec. 1101, div. 5, Comp. Stats.
Mont.), provides that each county in which a term of court is appointed to
be held shall pay to the justice of the supreme court holding such term
"mileage at the rate of twenty cents per mile, in going from his residence
to the place where said court is held, and returning therefrom, as his expense
incurred for and on account of travel incurred for the benefit of such county."
Said law is not repealed by the act of the fourteenth session of the legislative
assembly, approved March 12, 1885,— sections 14 and 15 of said act (sec.
944, div. 5, Comp. Stats. Mont.),— by which the mileage of "county officers,
jurors, witnesses, and all other parties that may be entitled to mileage from
the several counties in the territory," is reduced to fifteen cents per mile.

*Construction of term "mileage."* — The language employed in the aforesaid
section allowing twenty cents per mile to judges extends the signification
of the term "mileage," which usually means "an allowance for traveling, as
so much by the mile."

*Rule for construction of statutes.* — It is both a common-law and a statutory
rule of construction of statutes that the intention of the legislature must be
discovered, and, if possible, pursued.

*Appeal from District Court, Choteau County.*

SYDNEY H. McINTIRE, County Attorney, for the ap-
pellant.

The intention of the legislature in passing the gen-
eral law of 1885 was to merge all prior statutes, special
as well as general, on the same subject, in the later law.
Where a subsequent statute is manifestly intended as a
substitute for all other statutes, general as well as special,
on the same subject, and regulates the whole subject to
which it relates, so far as it differs from them, " although
it contains no express words to that effect, it must, on
the principles of law as well as in reason and in com-
mon sense, operate to repeal the former." *State* v. *Rogers*,
10 Nev. 322; Sedgwick on Statutes, 2d ed., 365, note *a;*
*State* v. *Studt*, 1 Pac. Rep. 636; *Gage* v. *Currier*, 4 Pick.
399; *King* v. *Cornell*, 106 U. S. 395; *Pierpont* v. *Crouch*,
10 Cal. 315. The act of 1885 is clearly inconsistent

with the law of 1879, and operates as a repeal. *Red Rock* v. *Henry*, 106 U. S. 596, and cases cited; Sedgwick on Statutes, 2d ed., 104. In construing statutes according to the intention of the legislature passing them, the mischief existing at the time of the enactment and the remedy intended must be considered. *Tonnele* v. *Hall*, 4 N. Y. 140; *Re O'Neill Will*, 91 Id. 520. The mischief existing at the time of passing the act of 1885 was the great and unnecessary expense to which the several counties of the territory were subject by reason of the high rate of mileage allowed to the parties entitled to receive it, amounting to thousands of dollars annually. Since 1879 the facilities of traveling have increased, the cost of traveling has been reduced, by reason of the coming into the territory of railways.

The language of the act of 1885 shows that the legislature intended to repeal all allowances of twenty cents per mile. "County officers, jurors, witnesses, and all other parties shall be entitled to collect mileage at the rate of fifteen cents per mile, and no more." The clause "all other parties" is sweeping. The general or common meaning of the word "parties" is persons, or individuals, as defined by Webster and Bouvier. And that is the sense in which the word was used by the legislature. Construing this language according to its general meaning (*Milliard* v. *Lawrence*, 16 How. 151), and considering the entire spirit as well as the letter of the law (*Guelpke* v. *Dubuque*, 1 Wall. 220), within the clause "all other parties" persons must come.

The courts are not justified in confining and narrowing the operation of the statute within the limits of the particular words, unless the intention of the legislature to that effect clearly appears from the context of the law, which is not the case in the act under consideration. A case directly in point on this subject is *Woodworth* v. *State*, 26 Ohio St. 196. That case construed a statute

imposing a punishment for resisting "a sheriff, constable, or other officer," and it was held that "as a supervisor of roads is completely within the term 'officer,' he must be deemed within the protection of the statute." Where general words are used, the courts cannot insert limitations contrary to the sense of the statute. *United States* v. *Coombs,* 12 Pet. 72. The provisions of a special statute may be modified or repealed by the passage of a general statute inconsistent therewith, although it makes no mention of the special act. *Water Com'rs* v. *Conkling,* 113 Ill. 340; *New Brunswick* v. *Williamson,* 44 N. J. L. 167.

The legislature of 1885, after repealing the law of 1879, by virtue of the language and terms used, according to their accepted interpretation, goes on and adds a repealing clause in the usual form,—"Sec. 15. All acts and parts of acts in conflict with the provisions of this act be and the same are hereby repealed." Laws of 1885, p. 71. This repealing clause can leave no doubt as to the scope of the new law, and what laws were to be affected by it. Special reference in the repealing clause to particular laws intended to be repealed are not necessary to repeal them. *State* v. *Rogers,* 10 Nev. 319. In the absence of a constitutional requirement. *Leard* v. *Leard,* 30 Ind. 171. This repealing clause repeals inconsistent, prior, special, and general acts. *New Brunswick* v. *Williamson,* 44 N. J. L. 165. The law of 1879, in so far as the rate (twenty cents) per mile is concerned, is in conflict with the act of 1885, comes within the terms of the repealing clause, and is unquestionably repealed. *People* v. *Grippen,* 20 Cal. 677; *People* v. *Durick,* 20 Cal. 94.

HORACE R. BUCK, for the respondent.

By section 602 of the fifth division of the Revised Statutes of 1879, the rate of mileage is twenty cents for justices of the supreme court. Section 14 of an act

entitled "An act limiting the compensation of certain officers *herein named,*" Laws of 1885, page 71, is as follows: "County officers, jurors, witnesses, and *all other parties* that may be entitled to mileage from the several counties of the territory, shall be entitled to collect mileage at the rate of fifteen cents per mile for the distance actually traveled, and no more." Section 14 does not mention judges. The word "parties," upon the theory of appellant alone, could include them. The section being ambiguous, the title can be resorted to by the court to ascertain the intention of the legislature. *Ayers* v. *Lawrence,* 59 N. Y. 192; *United States* v. *Fisher,* 2 Cranch, 358; *United States* v. *Palmer,* 3 Wheat. 610; *People ex rel. Cooke* v. *Wood,* 71 N. Y. 371; *People ex rel. West F. I. Co.* v. *Davenport,* 91 N. Y. 574; *Jones* v. *Sheldon,* 50 N. Y. 479; *Johnson* v. *Upham,* 105 Eng. Com. L. 248; *Wood* v. *Rowcliffe,* 31 Eng. Ch. 183. The word "parties" may mean persons, but the construction would be violent that would hold it to mean officers.

The statute of 1885 was not sweeping. It did not include mileage allowed district attorneys and officers paid by the territory, nor even county attorneys paid by the counties. See Acts of 1885, p. 60. If it had intended to reduce the mileage of judges it would have mentioned them. The act was intended for the counties locally, and the words "all other parties" should not be enlarged. Such was the contemporaneous construction, and this should have weight. *Union Ins. Co.* v. *Hoge,* 21 How. 35, last page; Potter's Dwarris on Statutes, 183; 1 Wheat. 351; 1 Cranch, 308; *Cohens* v. *Virginia,* 6 Wheat. 418.

Mileage is in the nature of compensation, and the only officers whose compensation was intended to be limited are county officers. Such was clearly the legislative intent, and that should govern, even though the scope of the language "all other parties" might be

literally extended. *Shepherd* v. *Hess*, 12 Johns. 433; *Bishop* v. *Barton*, 91 Sup. Ct. N. Y. 436; *Wood* v. *Rowcliffe*, 31 Eng. Ch. 183; *Smith* v. *People*, 47 N. Y. 330. The act of 1885 is not repugnant to or in conflict with the act of 1879. The latter was passed specially, not generally, and hence it does not follow that the repealing clause of the former embraces the latter. The mileage of the judges constituted no part of the evil sought to be remedied by the act of 1885. The traveling expenses of a judge might be far greater than those of a county officer. If obstacles arise to impede travel, a judge must overcome them regardless of expense, in order to prevent a county from suffering by the delay. The repealing clause has no force beyond the common-law rules of construction, and is to be construed according to the established rules of construction. *Smith* v. *People*, 47 N. Y. 330; see specially pages 338, 339.

The opinion states the facts.

GALBRAITH, J. — At the June term of the board of county commissioners of Choteau County for 1886, respondent presented to it for allowance the account of Hon. Decius S. Wade for mileage as judge of the district court of said county, for traveling from Helena to Fort Benton, to attend the term of said court for April, 1886. The board only allowed this claim at the rate of fifteen cents per mile. From this action of the board an appeal was taken to the district court, which sustained the appeal, and ordered judgment for the respondent for the difference of the mileage between twenty cents and fifteen cents per mile. From this judgment the board took this appeal.

The laws under which these decisions were made, so far as necessary to be stated for construction by the court, are as follows: "That whenever a court is appointed by the supreme court, . . . . to be held in any

county, . . . . it shall be the duty of the board of county commissioners of such county to pay to the chief justice or associate justice, so holding said term, mileage at the rate of twenty cents per mile, in going from his residence to the place where said court is held, and returning therefrom, as his expenses incurred for and on account of travel incurred for the benefit of said county." Sec. 602, div. 5, Rev. Stats. 1879. And "county officers, jurors, witnesses, and all other parties that may be entitled to mileage from the several counties in the territory, shall be entitled to collect mileage at the rate of fifteen cents per mile for the distance actually traveled, and no more." "All acts and parts of acts in conflict with the provisions of this act be and the same are hereby repealed." Laws 1885, p. 71.

It is both a common-law and a statutory rule of construction of statutes that the intention of the legislature must be discovered, and, if possible, pursued. The intention of the legislature in the passage of these acts must be the primary object of our inquiry. Upon an examination of the statutes of the territory providing for the payment of mileage by a county, besides those above mentioned, and prior to the date of the last-mentioned act, when a prolonged stay is contemplated at the place to and from which the mileage is to be paid, we find that in all such cases a *per diem* is allowed in addition to the mileage; but no such provision is made in the statute allowing mileage to the judges, either by way of a *per diem* or otherwise. The holding of a term of court necessarily requires some period of time for attention to and completion of the business. This may be a long or short period, as the necessities of the case require. For this purpose, expenses are necessarily incurred by the judge; and it is for these expenses, and not alone for the expenses of travel, that this act provides. The act providing for mileage to be paid to the judges allows the

mileage, not only for the actual travel and its attendant expenses, but also for expenses incurred for the benefit of the county, which plainly includes, not only the travel, but also the expenses of living, and all other expenses which the judge is necessarily put to while holding his court. Certainly, the expenses reasonably incurred by the judge while holding court are just as necessary and as much for the benefit of the county as the expenses of travel. The act plainly contemplates that this is the purpose. It is as if the act read thus: " It shall be the duty of the board . . . . to pay . . . . mileage, at the rate of twenty cents per mile, in going from his residence to the place where said court is held, and returning therefrom, as his expenses incurred" for the benefit of such county, " and on account of travel incurred for the benefit of such county." This is more than what is usually signified by the term "mileage," which means " an allowance for traveling, as so much by the mile."

In the act of 1885, *supra*, the law-making power refers only to mileage proper, — that is, to mileage as it is usually defined; but the act allowing mileage to the judges makes its own definition of the term, and includes in its signification, not only allowances for traveling, as so much by the mile, but also reasonable expenses while holding court. The statutes, therefore, in relation to which it is claimed that the latter repeals the former, refer to two different things,— two different subjects-matter. Effect should always be given, if possible, to the legislative will; and unless one statute plainly repeals another, either by express enactment or by implication, the latter should be allowed to stand. We think, therefore, that the statute of 1885 is only intended to apply to those cases where previous statutes had authorized the payment of mileage in the usual and common acceptation, and not to the statute providing for the payment of mileage to the judges, which places upon this term its

own more comprehensive and widely different significa-
tion.    This view of the subject answers the argument of
the appellant that the act of the legislative assembly
giving mileage to the judges is affected by the foregoing
act of 1885, for the reason that this legislation was had
on account of the reduced rates of travel, by reason of
the introduction of railroads into the territory.

In the view we have taken of the former statute, the
amount is not excessive.    More than mere mileage
proper, as we have seen, is plainly intended by this
statute.    In our view, the statutes are not inconsistent or
repugnant.    We are, therefore, of the opinion that it was
not the intention of the legislative assembly, by enacting
the law of 1885, to repeal the law allowing mileage to the
judges.

The judgment is affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., and McLEARY, J., concur.