SULLIVAN, RESPONDENT, v. BIG HORN COUNTY, APPELLANT.

(No. 4,996.)

(Submitted January 8, 1923.   Decided February 3, 1923.)

[212 Pac. 1105.]

*Unlawful Detainer—Penal Damages—Action not Maintainable Against County.*

Counties—Powers.
1.   Aside from the powers granted to counties by statute and those necessarily implied from the powers expressed, they have none, and where there is a fair and reasonable doubt as to the existence of a particular power, it must be resolved against them and the power denied.

Same—Actions Against—When not Maintainable.
2.   A party assuming to deal with a county on the supposition that it possesses powers which it does not cannot maintain an action against it upon its unauthorized action.

Same—Unlawful Detainer—Treble Damages—Action Does not Lie.
3.   A municipal corporation, such as a county, being no more than a political subdivision of the state for governmental purposes, cannot be subjected to a penal liability, and therefore an action for treble (or penal) damages for unlawful detainer does not lie.

Same—Action in Ejectment Lies.
4.   While an action for unlawful detainer in which treble damages are sought does not lie against a county, one in ejectment may be maintained against it.

*Appeals from District Court, Big Horn County; Charles A. Taylor, Judge.*

ACTION by James J. Sullivan against Big Horn County. From a judgment for plaintiff and an order denying a new trial, defendant appeals.   Reversed and remanded, with directions.

*Mr. Louis E. Haven,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Johnston, Coleman & Johnston,* for Respondent, submitted a brief; *Mr. H. J. Coleman* argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action arose from the following state of facts: In November, 1913, defendant, Big Horn county, leased from the plaintiff, James J. Sullivan, certain rooms in a building situate in the city of Hardin, Big Horn county, Montana, for court-house purposes. The term of the lease was five years, ending November 15, 1918. At the expiration of the term defendant did not vacate the premises, but held over until December 17, 1918. The plaintiff asserts that such withholding was without his consent. On December 16, 1918, the action before us was commenced by filing with the clerk of the district court of the thirteenth judicial district in and for Big Horn county a complaint charging unlawful detainer, praying for restitution of the premises, for damages for the wrongful withholding, and for the trebling of such damages in conformity· with the statute. After the defendant had vacated the premises, the action proceeded, and, after issues were joined, was tried by the court sitting without a jury, and findings of fact and conclusions of law were made and judgment entered for plaintiff for treble damages. Defendant moved for a new trial, the motion being denied. The case is before us on an appeal from the judgment and from the order denying the motion for a new trial.

The important question presented is whether or not a county is liable in unlawful detainer, where treble damages are sought to be recovered.

The statutes governing this cause of action make it the duty [1-3] of the court, wherever a verdict for damages is returned in favor of plaintiff, to render judgment for three times the amount of the damages assessed. Such is the plain meaning of section 9901, Revised Codes of 1921, and it was so held in *Centennial Brewing Co.* v. *Rouleau,* 49 Mont. 490, 143 Pac. 969.

Can a liability for such treble damages be enforced against a county? We can see no reason why it should, and there are cogent reasons why it should not.

The manifest effect of holding that a county is liable in such an action would be to say either that it is within the powers of a county, acting through its officers, to expend a portion of the county's funds without receiving any corresponding benefit, or that a county can be held liable in penal damages. Neither of such propositions can be maintained.

As was said by this court in *Edwards* v. *County of Lewis and Clark,* 53 Mont. 359, 165 Pac. 297: "The statutes constitute the charter of a county's power, and to them it must look for the evidence of any authority sought to be exercised." It was also said in *Hersey* v. *Neilson,* 47 Mont. 132, Ann. Cas. 1914C, 963, 131 Pac. 30, referring to what is now section 4441 of the Revised Codes of 1921, and was then section 2870, which declares, "Every county is a body politic and corporate, and as such has the power specified in this Code, or in special statutes, and such powers as are necessarily implied from those expressed": "Under the doctrine of the maxim, *'Expressio unius exclusio alterius,'* the county does not have any powers other than those indicated in section 2870 above."

As was said in Cooley's Constitutional Limitations, seventh edition, at page 272: "It must follow that, if in any case a party assumes to deal with a corporation on the supposition that it possesses powers which it does not, * * * he will not be allowed, even though he may have complied with the undertaking on his part, to maintain a suit against the corporation based upon its unauthorized action."

What, then, are the powers granted with reference to such a situation as the present one? It is argued by plaintiff in support of the proposition that this action can be maintained that subdivision 1 of section 4444, which declares that a county has power "to sue and be sued," authorizes such an action. That provision does no more than to create the capacity to be sued and to sue, and has no greater effect. The

right to maintain such an action as the present one must be found from other provisions, if it exists. In our opinion it clearly does not exist, either by express provision or by necessary implication.

Could the board of commissioners, in the first instance, and without the intervention of an action to compel them to do so, lawfully allow a claim for treble damages for holding over beyond the term of a lease, and thus in effect expend a sum from the public funds, two-thirds of which would be without any compensating benefit derived by the county? We most certainly think not. Any such allowance would be clearly *ultra vires.*

The only theory on which treble damages can be allowed is that the act complained of calls for punishment of the wrong-doer, and the damage is trebled for that purpose. In *Board of Commrs.* v. *Watson,* 7 Okl. 174, 54 Pac. 441, it is said: "A county is but a subordinate political subdivision of sovereignty, created for governmental purposes, and for greater convenience in carrying on the public affairs." The quoted case and a great many others were cited by this court in *Hershey* v. *Neilson, supra,* in laying down the same rule for this state. It cannot be said that a county as a body politic, a subdivision of the sovereign power itself, can be subjected to a penal liability. Such a proposition is incompatible with the theory of government. It would result in mulcting the taxpayers of the county and punishing the innocent inhabitants for whose very protection the state exists.

The rule applicable to this case is concisely stated in a long line of decisions from California commencing with the case of *Mayrhofer* v. *Board,* 89 Cal. 112, 23 Am. St. Rep. 451, 26 Pac. 646, wherein the court said: "The state is not bound by general words in a statute, which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right * * * against it." The rule has been applied to various classes of cases, the latest expression thereof by the California supreme court being

found in *Balthasar* v. *Pacific Electric Ry. Co.*, 187 Cal. 302, 19 A. L. R. 452, 202 Pac. 37.

In cases where the power of municipal corporations has been questioned, this court has stated the rule to be: "When there is a fair and reasonable doubt as to the existence of the particular power, it must be resolved against the municipality and the power denied." (*Helena Light & Ry. Co.* v. *City of Helena*, 47 Mont. 18, 130 Pac. 446.) The only question which might arise in applying this last-stated rule to a county would be whether it should not go further, for there can be no doubt that a municipal corporation is given more latitude in its dealings than a county.

The right to recover treble damages or to penalize the county does not flow from any power expressly given a county by statute or from any power which is necessarily implied from powers expressly granted.

Merely by way of pointing out that the result of such a [4] holding is not to cut off one who has a right without a remedy, but without discussing it in detail, we suggest that, where the facts warrant, an action in ejectment will lie against a county. (*Flynn* v. *Beaverhead County*, 49 Mont. 347, 141 Pac. 673.)

We recommend that the judgment and order appealed from be reversed and the cause remanded to the district court of Big Horn county, with directions to dismiss the action.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause is remanded to the district court of Big Horn county, with directions to dismiss the action.

*Reversed.*

Rehearing denied February 27, 1923.