LEWIS, APPELLANT, *v.* PETROLEUM COUNTY, RESPONDENT.

(No. 6,967.)

(Submitted October 19, 1932. Decided November 28, 1932.)

[17 Pac. (2d) 60.]

Mr. *Edwin S. Booth*, for Appellant, submitted a brief and argued the cause orally.

Mr. *A. F. McCulloh*, County Attorney, for Respondent, submitted a brief and he and Mr. *T. H. MacDonald*, Assistant Attorney General, argued the cause orally.

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

On July 6, 1927, the board of county commissioners of Petroleum county, as such board, offered a reward of $500 for the arrest and conviction of anyone guilty of stealing

or slaughtering livestock. This offer continued in force until December 3, 1930, when it was revoked by the board. On the 15th of September, 1930, the plaintiff furnished to the proper officers of that county information which led to the arrest and conviction of two persons for the theft of livestock within that county. Plaintiff thereafter duly presented a claim for the reward of $500. The claim was disallowed by the board of county commissioners, and this action followed. A general demurrer to the amended complaint was sustained, and judgment rendered for the defendant county. This appeal is from the judgment.

The reward was offered in 1927. The larceny of the livestock for which the defendants in the criminal action were convicted, occurred in August, 1930. It appears, therefore, that the reward was offered before the larceny of the livestock occurred. The determinative question presented is whether the county is liable for the payment of a reward thus offered.

The principle is well established that the board of county commissioners may exercise only such powers as are expressly conferred upon it or which are necessarily implied from those expressed, and that where there is a reasonable doubt as to the existence of a particular power in the board of county commissioners, it must be resolved against the board, and the power denied. (Sec. 4441, Rev. Codes 1921; *Helena Light & Ry. Co.* v. *City of Helena,* 47 Mont. 18, 130 Pac. 446; *Edwards* v. *County of Lewis and Clark,* 53 Mont. 359, 165 Pac. 297; *Ainsworth* v. *McKay,* 55 Mont. 270, 175 Pac. 887; *Sullivan* v. *Big Horn County,* 66 Mont. 45, 212 Pac. 1105; *Bignell* v. *Cummins,* 69 Mont. 294, 36 A. L. R. 634, 222 Pac. 797; *Heckman* v. *Custer County,* 70 Mont. 84, 223 Pac. 916; *In re Hyde's Claims,* 73 Mont. 363, 236 Pac. 248; *State ex rel. Blair* v. *Kuhr,* 86 Mont. 377, 283 Pac. 758; *Simpson* v. *Silver Bow County,* 87 Mont. 83, 285 Pac. 195.)

If a party assumes to deal with a county on the supposition that it possesses powers which it does not in fact possess,

he will not be allowed to recover, even though he has performed his part of the contract. (*Sullivan* v. *Big Horn County,* above; Cooley on Constitutional Limitations, 7th ed., p. 272.)

The authority of the board of county commissioners to offer a reward for the apprehension and conviction of those guilty of the commission of a felony is contained in section 4483, Revised Codes of 1921. That section provides:

"The board of county commissioners of each county has the power to offer rewards for the apprehension and conviction of any person or persons who have committed any felony within their respective counties. Said reward shall not exceed the sum of five hundred dollars for the apprehension and conviction of the party or parties guilty of a felony, and the reward shall not be paid in any case until conviction has been first had in said case. All rewards shall be paid by warrants drawn on the general fund of the county. In no case shall the members of the board of county commissioners, sheriff, or other county officer receiving an annual or monthly salary be entitled to any part of such reward."

This controversy centers about the words "who have committed any felony." Was it the intention of the legislature to authorize the board of county commissioners to offer a reward for the apprehension and conviction of persons guilty of the commission of a felony, whether that felony was committed before or after the offer of reward; or was it the intention that the board of county commissioners be authorized to offer a reward only after a felony had been committed?

Legislatures are presumed to know the meaning of words and the rules of grammar. (*United States* v. *Goldenberg,* 168 U. S. 95, 97, 42 L. Ed. 394, 18 Sup. Ct. Rep. 3.) Indulging that presumption in this case, the contention advanced by the appellant herein is not admissible. The words "who have committed" are not technical terms at all, and none of them have acquired a peculiar meaning in the law; and, therefore, these words must be taken in their ordinary sense and with a meaning commonly given to them. (*North-*

*ern Pac. Ry. Co.* v. *Sanders County,* 66 Mont. 608, 214 Pac. 596.)

This court, speaking through Mr. Chief Justice Brantly, in the case of *State* v. *Cudahy Packing Co.,* 33 Mont. 179, 114 Am. St. Rep. 804, 8 Ann. Cas. 717, 82 Pac. 833, said: "The intention of any legislation must be inferred in the first place from the plain meaning of the words used. If this intention can be so arrived at, the courts may not go further and apply other means of interpretation. It is only when there is a doubt as to the intention that other rules may be applied." (*Morrison* v. *Farmers & Traders' State Bank,* 70 Mont. 146, 225 Pac. 123; *State ex rel. Mineral County* v. *State Highway Commission,* 82 Mont. 63, 265 Pac. 1.)

Again, in the case of *Osterholm* v. *Boston & Montana C. C. & S. Min. Co.,* 40 Mont. 508, 107 Pac. 499, this court said: "It is not allowable to interpret what has no need of interpretation, or, when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend their meaning. Statutes should be read and understood according to the natural and most obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation. A primary rule of construction is that the legislature must be assumed to have meant precisely what the words of the law, as commonly understood, import; and this may be said to be the fundamental and controlling rule of construction."

Applying these principles, it seems to us that the language used is so plain, simple and direct that it construes itself. The words used convey but one meaning, and that is that the board of county commissioners is authorized to offer a reward only after a felony has been committed.

In the case of *State ex rel. Evans* v. *Stewart,* 53 Mont. 18, 161 Pac. 309, this court observed: "In construing a statute the court must, if possible, ascertain and carry into effect the intention of the legislature enacting it (*Power* v. *Board*

*of County Commrs.,* 7 Mont. 82, 14 Pac. 658) ; and such intention is to be gathered from the terms of the statute, when considered in the light of surrounding circumstances. (*Jay* v. *School Dist. No. 1,* 24 Mont. 219, 61 Pac. 250.)''

Consideration of other provisions of section 4483 serves to confirm the conclusion above stated. It will be noted that prior to the passage of this section of our Code, the legislature had enacted other laws designed for the protection of life, liberty and property, and had, as well, provided for the selection of officers whose duty it is to enforce these laws. Under ordinary circumstances those guilty of the commission of felonies will be apprehended, prosecuted and convicted through the instrumentality of the machinery thus provided, without the payment of any money compensation except the salary of such officers. These officers may not be paid any reward. "In no case shall the members of the board of county commissioners, sheriff, or other county officer receiving an annual or monthly salary be entitled to any part of such reward." With these and other facts before it, the legislature determined that exceptional cases might arise wherein the machinery theretofore provided might prove inadequate; and to meet that contingency, empowered the board of commissioners to offer a reward.

It was not the intention of the legislature that a reward should be offered in every felony case. Before the reward can be paid the guilty party or parties must not only be apprehended, but a conviction must be had. Before a conviction is possible, there must be evidence which warrants that result. It is a matter of common knowledge that in one case the apprehension of a defendant and the gathering together of evidence sufficient to warrant a conviction require the expenditure of a very considerable amount of time and effort; while in another case, involving a similar charge or offense, but little difficulty will be encountered, and consequently but little time or effort expended.

The legislature, having knowledge of these facts, left to the discretion of the board whether a reward should be offered at all in a given case, and as well, the amount of that reward,—in no case to exceed $500. The board is thus placed in a position where it may fix such an amount as, in that particular case, will be likely to accomplish the purpose intended. But if the reward were offered in advance of the commission of the felony, no opportunity is afforded for determining whether a reward is necessary at all in that particular case, or what amount is reasonably required in order to attain the desired end.

It follows that the board of county commissioners is not authorized to offer any reward until after a felony has been committed, and that, therefore, the trial court was right in sustaining the demurrer and in rendering judgment for the defendant county.

Judgment affirmed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS, and HONORABLE R. M. HATTERSLEY, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.

Rehearing denied December 23, 1932.