John G. GOODIN, Petitioner,

v.

Elvin J. BROWN, District Judge of the District Court of Cleveland County, Oklahoma, and Silas C. Wolf, County Judge of the County Court of Cleveland County, Oklahoma, Respondents.

No. 37217.

Supreme Court of Oklahoma.

Sept. 18, 1956.

T. R. Benedum, Paul W. Updegraff, Norman, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondents.

HALLEY, Justice.

It appears from the record in this case that John G. Goodin made application on the 30th day of August, 1955, to the County Judge of Cleveland County for a license for a retail dealer's permit to sell nonintoxicating beverages on property at 123 East Main Street in the City of Norman. After following the proper procedure, the matter was heard on the 6th day of September, 1955, and a permit was granted Goodin by the County Judge. September 14, 1955, the County Attorney filed a motion to vacate and set aside and hold for naught the permit issued to petitioner on the grounds and for the reason that it was issued in violation of the laws of the State by reason of the fact a permit issued to another on the same premises had been revoked less than one year previous to the issuance of the petitioner's permit. On the 5th day of December, 1955, the County Judge of Cleveland County vacated the permit issued to Goodin and on the 9th day of December, Goodin appealed to the District Court of Cleveland County. On the 13th day of January, 1956, the matter was heard in the District Court of Cleveland County upon the motion to vacate and set aside and hold for naught the issuance of a permit to Goodin. Mary M. Fischer, the owner of the premises on which Goodin was given a permit to sell beer, was allowed to intervene in the case. On said date, the District Judge affirmed the action of the County Court wherein the permit issued by the County Judge to Goodin was vacated and set aside. The petitioners seek a Writ of Certiorari for the reason that the respective courts exceeded their jurisdiction in revoking the license issued to Goodin which is a proper remedy if their contentions are sustained. Barnett v. Hepburn, 121 Okl. 268, 249 P. 921.

It appears that one John Griswold had a beverage permit to sell beer at this particular location but the same was revoked by the County Court of Cleveland County on July 15, 1955, for the reason that Griswold had sold beer to minors. Both the County and the District Courts in revoking the license of Goodin relied upon 37 O.S. 1951 § 163.11, subsections 2 and 6, which provide as follows:

"(2) The sale to any person under twenty-one (21) years of age of nonintoxicating beverages for consumption on the premises;

\*      \*      \*      \*      \*      \*

"(6) Proof that the operator has in his possession or on the premises in which said business is being operated, a Federal excise or occupational tax stamp or receipt, designating such person or premises as the person or place for dealing in liquor or evidencing the payment of a tax for being a dealer in such liquor. After the revocation of any such permit no new permit shall be issued to any person for or covering the same location or premises prior to the expiration of a period of one (1) year from the date of such revocation."

The petitioner, Goodin, and intervenor, Fischer, take the position that the foregoing subsection 6 is unconstitutional and also that it only applies to cases where the original holder of the permit held a Federal permit to sell nonintoxicating liquors and did not cover cases that arose under the other five subsections.

This Act was originally passed by our Legislature in 1947. The grounds for which the County Judge was authorized to revoke a permit were as follows:

"(1) Drunkenness of the person holding such permit or permitting any

intoxicated person to loiter in or around his place of business;

"(2) The sale to any person under twenty-one (21) years of age of non-intoxicating beverages for consumption on the premises;

"(3) Nonpayment of any of the taxes or license fees imposed by the provisions of this Act on complaint of the Oklahoma Tax Commission;

"(4) Violating any of the laws of the State commonly called 'Prohibition Laws' or violating any of the gambling laws of the State or permitting anyone to violate any of said laws in such places or violating any of the provisions of this Act;

"(5) Conviction for the violation of any of the laws of this State or the United States for the sale or possession of intoxicating liquors within three (3) years immediately preceding the issuance of such dealer's license;

"(6) Proof that the operator has in his possession or on the premises in which said business is being operated, a Federal excise or occupational tax stamp or receipt, designating such person or premises as the person or place for dealing in liquor or evidencing the payment of a tax for being a dealer in such liquor."

These six grounds were separated from each other by semicolons. In 1951, the Legislature amended this Act, which is Section 11, Chapter 2, Title 37 Oklahoma Session Laws 1947, in the following manner: It set out the first five grounds in the same manner as in the previous Act and each was separated from the other by semicolons but in the amended Act at the end of subsection five was placed a period. Subsection 6 was amended by adding to it this sentence: "After the revocation of any such permit no new permit shall be issued to any person for or covering the same location or premises prior to the expiration of a period of one (1) year from the date of such revocation."

Regardless of what the Legislature may have had in mind by this amendment, it restricted the issuance of a new permit to violations of subsection 6 exclusively by reason of the fact that it was separated from the other five provisions by a period, and also by the fact that it was only in this one subsection paragraph and made no reference to the other five grounds. Therefore we are of the opinion that this provision which prohibits the issuance of a license to any person covering the same location for a period of one year only applies to a place where the operator of the bar had "in his possession or on the premises in which said business [was] being operated, a Federal excise or occupational tax stamp or receipt, designating such person or premises as the person or place for dealing in liquor or evidencing the payment of a tax for being a dealer in such liquor."

As has been said in some of the cases, that "Rules of grammar are presumed to have been known to the legislature." 82 C.J.S., Statutes, § 316. United States v. Goldenberg, N.Y., 168 U.S. 95, 18 S.Ct. 3, 42 L.Ed. 394; Fieldcrest Dairies v. City of Chicago, 7 Cir., 122 F.2d 132, vacated on other grounds City of Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Florida State Racing Commission v. Bourquardez, Fla., 42 So.2d 87; State ex rel. Palagi v. Regan, 113 Mont. 343, 126 P.2d 818; Lewis v. Petroleum County, 92 Mont. 563, 17 P.2d 60, 86 A.L.R. 575; 59 C.J., Statutes, page 1012 note 62.

A proviso in a statute is presumed to refer only to the provision to which it is attached, and is generally deemed to apply only to the clause or provision immediately preceding it. Dahlberg v. Young, 231 Minn. 60, 42 N.W.2d 570.

Since we are of the opinion that this provision in subsection 6 has no application to a case where as here the license was revoked because of violation of subsection 2, John G. Goodin was properly issued a permit and that the same was re-

voked on erroneous grounds, we will not attempt to discuss the constitutional questions raised and they are specifically not passed on here. Since the trial courts exceeded their jurisdiction in this matter, the Writ of Certiorari is granted and the judgments are reversed and the issuance of the license to John G. Goodin is ordered to be reinstated.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.