JOSEPH ZDERICK, Plaintiff and Respondent, *v.* SILVER BOW COUNTY, a political subdivision of the State of Montana, Defendant and Appellant.

No. 11638.
Submitted Sept. 18, 1969.
Decided Oct. 31, 1969.
Rehearing Denied Nov. 24, 1969.
460 P.2d 749.

Mark P. Sullivan, Co. Atty. (argued), Butte, Lee Williams and Jack Holstrom, Deputy Co. Attys., Butte, for appellant.

McCaffery & Peterson, Butte, John L. Peterson (argued), Butte, Hilley & McKittrick, Great Falls, Patrick McKittrick (argued), Great Falls, for respondent.

THE HONORABLE THOMAS DIGNAN, District Judge, sitting in place of Mr. Justice BONNER, delivered the Opinion of the Court.

The defendant Silver Bow County appeals from a judgment in the sum of $2211.25 entered in favor of plaintiff Joseph Zderick. The facts are not in dispute. Plaintiff, a member of the Teamsters Union, was employed by the defendant in its road department as a teamster in April 1964 with termination of his employment July 8, 1968. The findings state that plaintiff was discharged but defendant's brief states that he was not discharged for any cause.

Butte Teamsters Local Union #2, affiliated with the International Brotherhood of Teamsters, Chauffeurs and Warehousemen and Helpers of America, entered into written labor agreements in the years 1963, 1965 and 1968 with the county, covering the standards of hours, rates of pay and provided among other benefits that sick leave would accrue at the rate of one and one-half days for each month of service. Subdivision (f) of Article VII in the contract is as follows:

"All accumulated sick leave may be used for a severance pay when a man is retired, discharged or replaced due to a change in administration."

The intent of the above clause was to give county employees something in lieu of unemployment benefits and also further strengthen the seniority clause, that is, if the employee had sick leave the county would not be so apt to lay the employee off. It was an economic force with the county to stop wholesale layoffs for political or any other reasons.

The county did not budget for this sick leave. As of July 8, 1969 plaintiff was entitled to seventy-eight days of sick leave, had used five and one-half days, leaving with a balance due him of seventy-two and one-half days at $30.50 per day of earned sick leave in accordance with the labor contract.

The county here contends the district court was in error in finding that the clause providing for accumulated sick leave and severance pay included in the labor agreement between Silver Bow County and Butte Teamsters Local #2 constituted a legally enforceable claim against Silver Bow County.

The powers of the board of county commissioners have been before this Court numerous times. In Lewis v. Petroleum County, 92 Mont. 563, 17 P.2d 60, 86 A.L.R. 575, the Court states:

"The principle is well established that the board of county commissioners may exercise only such powers as are expressly conferred upon it or which are necessarily implied from those expressed, and that where there is a reasonable doubt as to the existence of a particular power in the board of county commissioners, it must be resolved against the board, and the power denied. Section 4441, Rev. Codes 1921 [Section 16-801, R.C.M.1947]; Helena Light & R. Co. v. City of Helena, 47 Mont. 18, 130 P. 446; Edwards v. County of Lewis and Clark, 53 Mont. 359, 165 P. 297; Ainsworth v. McKay, 55 Mont. 270, 175 P. 887; Sullivan v. Big Horn County, 66 Mont. 45, 212 P. 1105; Bignell v. Cummins, 69 Mont. 294, 222 P. 797, 36 A.L.R. 634; Heckman v. Custer County, 70 Mont. 84, 223 P. 916; In re Hyde's Claims, 73 Mont. 363, 236 P. 248; State ex rel. Blair v. Kuhr, 86 Mont. 377, 283 P. 758; Simpson v. Silver Bow County, 87 Mont. 83, 285 P. 195.

"If a party assumes to deal with a county on the supposition that it possesses powers which it does not in fact possess, he will not be allowed to recover, even though he has performed his part of the contract. Sullivan v. Big Horn County, above; Cooley, Constitutional Limitations (7th Ed.), p. 272."

The Montana legislature has at almost every session specifically considered and enacted legislation dealing with fringe benefits of public employees. See section 59-1001 and 59-1002, R.C.M.1947, amended in 1969, by Chapter 350, Laws of 1969, which provides for annual vacation leave and accumulation of vacation leave not to exceed 30 working days. Health insurance has been provided for public employees, see section 11-1024, R.C.M.1947, which was amended by Chapter 220, Laws of 1969, requiring counties to pay $7.50 per month for each employee for group health insurance. The Public Employees

Retirement Act has been in effect since 1945 and has been amended numerous times, the latest being in 1969, which grants retirement benefits to a county employee. In 1953 and by subsequent amendments the legislature considered and granted public employees Federal Social Security coverage.

The plaintiff cites the case of Fellows v. LaTronica, 151 Colo. 300, 377 P.2d 547 (1962). This case was a dispute between the city and city firemen for compensation for vacation pay. This case cites numerous authorities that public officers do not have authority to enter into collective bargaining agreements with public employees.

Plaintiff further cites the case of International Brotherhood of Elec. Wrkrs. v. Town of Farmington, 75 N.M. 393, 405 P.2d 233. This case differentiates between employees working in a governmental position and employees of a municipality in connection with its corporate or proprietary capacity. The case held that the town had authority to enter into collective bargaining agreements in connection with its proprietary electric utility. This case refers to 31 A.L.R.2d 1142 for cases involving collective bargaining between public authorities and unions.

As pointed out heretofore the legislature has dealt with vacation accumulations, public employees retirement, health insurance and federal social security coverage, but it has not dealt with sick pay nor granted any authority to accumulate sick pay to be used as severance pay.

In the absence of such authority, which can only come from the legislature, the county commissioners are without power to attempt to exercise such authority and there exists no basis under the law for the judgment here entered.

The judgment is reversed and the cause is dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, JOHN C. HARRISON and HASWELL, concur.