EAST CHICAGO TEACHERS UNION, LOCAL No. 511 *v.* BOARD OF TRUSTEES OF THE SCHOOL CITY OF EAST CHICAGO, INDIANA.

[No. 3-872A53. Filed October 12, 1972. Rehearing denied November 27, 1972. Transfer denied May 8, 1973.]

*Andrew J. Leahy,* of Chicago, Illinois, *Hilbert L. Bradley,* of Gary, for appellants.

*Stepanovich & Stevens, Nich Stepanovich,* of counsel, of East Chicago, for appellees.

SHARP, J.—The Plaintiffs-Appellants filed a complaint to enforce a complaint against the Appellees in two legal paragraphs. The first was a complaint to compel arbitration under an agreement between the plaintiff, East Chicago Teachers Union, Local No. 511, American Federation of Teachers and the Appellees, Board of Trustees of the School City of East Chicago, Indiana, and School City of East Chicago, Indiana, covering the calendar year 1970. Paragraph II is a complaint

for the enforcement of a compulsory arbitration agreement which was entered into between the union and the school board. The Appellees filed a motion to dismiss both paragraphs of Appellants' complaint under Trial Rule 12(B)(6) contending that neither paragraph of complaint stated a claim upon which relief could be granted. The trial court, after hearing argument, sustained the Appellees' motion to dismiss. A motion to correct errors was filed and overruled and this appeal has resulted.

Although involving a different procedural framework the substantive question which this court decided in *Gary Teachers Union, Local No. 4, American Federation of Teachers* v. *School City of Gary et al.* (1972), 152 Ind. App. 591, 284 N. E. 2d 108, is the same substantive issue which underlies the controversy between the parties in this instant case. In the *Gary Teachers* case at 284 N. E. 2d page 114 we held:

> "We believe that the Indiana General School Powers Act passed in 1965 and the Uniform Arbitration Act passed in 1969 together are broad enough to permit the governing bodies of school corporations in the State of Indiana to exercise, as one of its many options, the type of agreement here involved. We hold that such broad policy option is implicit in both of the above cited statutes."

We believe that the same reasoning applies to the kind of an agreement which is involved in this instant case.

In *Chicago, Division of Illinois Education Association, et al.* v. *Board of Education, et al.* (1966), 76 Ill. App. 2d 456, 222 N. E. 2d 243, which we cited as authority in the *Gary* case, the Illinois Appellate Court held that it was permissible for a Board of Education to enter into collective bargaining agreements with public school teacher employees without express legislative authority and that such an agreement was not contrary to public policy. Some of the reasoning to this conclusion by the Appellate Court of Illinois is revealing and pertinent. At 222 N. E. 2d page 246 the court said:

"Initially, we consider whether the trial court was correct in striking Broman's complaint. This raises the basic question of whether the Board may bargain collectively with an exclusive employee representative. Broman contends:

(1) 'The central question raised in this Court is whether the Board of Education of the City of Chicago has authority to engage in collective bargaining, and to enter into a collective bargaining agreement, with an exclusive representative of its employees. It is not disputed that the power to do so has not been expressly conferred on the Board by the legislature. Both defendants have argued, rather, that the authority to engage in such bargaining, and to conclude a contract, may be implied from general legislation empowering the Board to contract and to do all things " 'necessary or proper' " for the operation of the schools. Neither defendant has argued that the authority to bargain collectively is necessary to the operation of the schools. Instead, both have argued that collective bargaining is a proper function of the Board, and may be engaged in by the Board at its discretion.' "

The court, at page 251, concluded as follows:

"On the 'central question,' the right of collective bargaining in public employment in the absence of legislatve authority, the briefs show exhaustive research, which has been of great assistance to this court, and the contentions of all parties are well stated. We conclude that the Board of Education of the City of Chicago does not require legislative authority to enter into a collective bargaining agreement with a sole collective bargaining agency selected by its teachers, and we hold that such an agreement is not against public policy. Therefore, the order of the trial court, which struck and dismissed the Broman complaint, was proper and within the court's power."

In *International Brotherhood of Electrical Workers* v. *Town of Farmington* (1965), 75 N. M. 390, 405 P. 2d 233, 236, the Supreme Court of New Mexico stated:

"It is apparent that the legislature recognized that employment contracts would have been entered into between municipalities and its employees. While collective bargaining contracts are not specifically mentioned in the statute, such agreements would certainly be within the language."

In *Pawtucket* v. *Pawtucket Teachers Alliance* (1958), 87 R. I. 364, 141 A. 2d 624, 629, the Supreme Court of Rhode Island stated:

> "While we hold that those accepting government employment as teachers must acknowledge that the functions of government in a democracy cannot be impeded or obstructed by strikes, we recognize their right collectively as well as individually to present demands for just and reasonable remuneration for their services."

The specific issue in this case between the parties is a very narrow one involving the contractual right of one teacher who was also an official in the teachers union to be permitted to spend one hour per week during the regular school day on union business. We are not here required to determine the merits of that controversy. We hold that in entering into this agreement, as a general proposition, was within the statutory authority of this Indiana School Board of Trustees.

The Appellees have directed our attention to the fact that bills have been introduced in the Indiana General Assembly on the subject of collective bargaining for the employees of state, and local governments, including but not limited to public school teacher employees and that none have been enacted. It is necessary to point out that the kind of proposed legislation to which the Appellees direct our attention is generally legislation providing for *mandatory* collective bargaining whereas in this case and in the *Gary* case we are simply dealing with *permissive* agreements.

The specific and limited question which we must determine here is whether or not the complaint of the Plaintiff-Appellants is sufficient to withstand a motion to dismiss under Rule 12 (B) (6) for failure to state a claim upon which relief can be granted. The general authorities on this question are set out and summarized in *Gladis* v. *Melloh,* (1971), 149 Ind. App. 466, 273 N. E. 2d 767. Based upon those authorities and based upon the questions of substantive law which we decided in

the *Gary* case the action of the trial court in sustaining the motion to dismiss is incorrect and must be reversed.

Therefore, the decision of the trial court in granting the motion to dismiss is hereby reversed and this case is hereby remanded to the trial court for further proceedings consistent with this opinion.

Staton, J., concurs; Hoffman, C.J., dissents with opinion.

### DISSENTING OPINION

HOFFMAN, C.J.—I dissent from the majority opinion in the instant case on the basis of my dissent in *Gary Teach. U., Loc. No. 4, A.F.T.* v. *School City of Gary* (1972), 152 Ind. App. 591, 284 N. E. 2d 108, 115, 31 Ind. Dec. 540, 553.

I am of the opinion the judgment of the trial court should be affirmed.

NOTE.—Reported in 287 N. E. 2d 891.