## 11646

### BURGESS v. BURGESS

(126 S. E., 34)

1. PARTITION—PARTITION AGREEMENT HELD VOID FOR FRAUD.—Partition agreement between brother, owning a three-fourths interest in land, and sister, owning a one-fourth interest, giving sister less than one-fourth of the land, prepared at instance of brother, and couched in language from which sister could not by reading agreement know location of lines, *held* void as to sister for fraud.

2. PARTITION—PARTY MUST BE CLEARLY SHOWN TO HAVE KNOWN LOCATION OF LINES, WHERE LINES COULD NOT BE ASCERTAINED BY READING CONTRACT.—Where language of partition agreement between brother and sister, prepared at instance of brother, could not be understood by reading contract, it will not be sustained as to sister, who received less than one-fourth part of the land, and claimed that it was void for fraud, in the absence of clear proof that she clearly knew the location of the lines.

3. CANCELLATION OF INSTRUMENTS—SALE BY ONE PARTY OF TIMBER, AND GRANT BY OTHER PARTY OF RIGHT OF WAY, DID NOT PRECLUDE CANCELLATION OF PARTITION AGREEMENT FOR FRAUD.—The fact that one party to a partition agreement had sold timber, and other party had granted right of way, did not preclude cancellation of agreement for fraud, since partition proceedings can make provision for such changes.

4. APPEAL AND ERROR—ORDER SETTING CASE NOT REVERSIBLE ERROR, THOUGH IT CONTAINED UNNECESSARY MATTER.—Order settling case is not reversible error, though case contained unnecessary matter.

Before WILSON, J., Oconee, April 3, 1923. Affirmed.

Action by Mary Burgess against J. B. Burgess, Jr. Judgment for plaintiff and defendant appeals.

*Messrs. Shelor & Hughes, J. R. Earle* and *E. L. Herndon,* for appellant, cite: *Contracts—as to fairness:* 113 S. C.,

324. *As to consideration:* 121 S. E., 639. *As to fraud:* 121 S. E., 560. *As to terms and intentions:* 120 S. E., 64. *As to parol evidence:* 124 S. C., 211. *As to fiduciary relationship:* 122 S. C., 392.

*Messrs. Stribling & Denby* and *R. T. Jaynes,* for respondent, cite: *Fiduciary relationship:* 61 S. C., 504; 89 S. C., 227; 110 S. C., 412; 117 S. C., 460. *Fraud:* 96 S. C., 393. *Contract based on mistake of fact never exists in law:* 6 R. C. L., 621; 56 S. W., 287; 32 Atl., 566; Note 55, A. S. R., 512, 518.

January 5, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

J. B. Burgess died in 1920, intestate, leaving as his heirs at law his four children, Mary Burgess, J. B. Burgess, Jr., Sallie Williams and Lycenia Sutton. The intestate left a plantation of about 450 acres of land. J. B. Burgess, Jr., bought the interest of his sisters, Mrs. Williams and Mrs. Sutton.

In September, 1921, J. B. Burgess, Jr., presented to his sister, Mary Burgess, the following contract:

"*Whereas,* J. B. Burgess, Sr., died on the 26th day of October, 1920, leaving as his sole heirs the following children, all of whom are of lawful age, to wit: J. B. Burgess, Jr., Sallie Williams, Lycenia Sutton, and Mary Burgess; and the said J. B. Burgess, Sr., also left considerable real estate near Jocassee in the County of Oconee; and,

"*Whereas,* the heirs above named have agreed upon a friendly partition of said estate without resort to any Court and in pursuance of said agreement the said J. B. Burgess, Jr., has bought the interest of his sisters, Sallie Williams and Lycenia Sutton, which gives him three-fourths interest in said real estate and leaves the said Mary Burgess with her one-fourth interest in said real estate; and.

"*Whereas,* the said J. B. Burgess and Mary Burgess have agreed upon the terms and conditions under which they shall manage the said real estate belonging to them:

"*Now, therefore,* know all men by these presents, that for and in consideration of the sum of five dollars and other valuable consideration passing from one to the other, the said J. B. Burgess hereby agrees that if there should ever be any disagreement between himself and his sister, Mary Burgess, as to the management and conduct of the said real estate belonging to them from the estate of J. B. Burgess, Sr., that then and in that event the said J. B. Burgess will have cut off to the said Mary Burgess, or her heirs or assigns, one hundred acres of land to be taken from the southeastern end of the farm of four hundred and fifty-two acres originally belonging to J. B. Burgess, Sr., and to be cut as follows: It shall begin at the northeast rock corner 89.50 chains from the corner in Whitewater River and run thence with the line running N. 55½ W. with a sufficient distance to make one hundred acres by running a line at right angles southwest back to the river. When said line has been run and the one hundred acres of land cut off as above directed, then the said J. B. Burgess hereby agrees to make, execute and deliver to the said Mary Burgess a deed for said amount with dower renounced.

"It is further agreed by Mary Burgess that in the event above named that she hereby agrees to accept the one hundred acres of land to be cut as above described and deed of conveyance therefor (sic) in full settlement of all her right, title, and interest in and to the real estate of J. B. Burgess, deceased.

"In faithful performance of the above agreement we do hereby bind ourselves and our heirs, executors and administrators."

Miss Mary Burgess signed the contract. When Miss Mary Burgess found out where the lines ran she was dis-

satisfied, and brought this action. The action is for partition, and to set aside the contract for fraud.

The case was referred to the Master, who found that the minds of the parties never met, and recommended that the contract be set aside, that a writ of partition do issue, and an accounting be had between the parties.

I. The appellant complains that no fraud was found 1, 2 as a foundation for setting aside the contract. The Master does not use that offensive word, but he found the facts that constituted the fraud. The contract was prepared at the instance of the appellant, and was couched in such language as to be wholly unintelligible to any one. While it could not be understood from the reading, it could be laid out by a surveyor, with his instruments with exactness. From this fact alone it would have taken the clearest proof that the sister did clearly know the location of the lines. There was testimony that the division was unfair, and did not set apart to Miss Mary Burgess one-fourth of the land. The appellant set up a note from his father to himself for more than $3,000.00. This note the Master held to be void.

The findings of the Master, concurred in by the Circuit Judge, are abundantly sustained by the evidence, and this point cannot be sustained.

II. The Master held that the former status should 3 be restored. The appellant objects that the former status cannot be restored, inasmuch as the appellant had sold some timber, and the respondent had granted a rigth of way. Partition proceedings can make provision for those changes.

What has been said disposes of the other exceptions to the decree appealed from.

III. The appeal from the order settling the case 4 cannot be sustained. There was unnecessary matter contained in the case, but it is not reversible error.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.