### BENEDICT et al. v. BOARD OF COM'RS OF LINCOLN COUNTY et al.

No. 21469. Opinion Filed Dec. 20, 1932.

Blakeney, Ambrister & Wallace, for plaintiffs in error.

John Embry, Co. Atty., for defendants in error.

HEFNER, J. This is an action brought in the district court of Lincoln county by G. L. Benedict, Mary L. Benedict, Minnie B. Eaton, and Florence A. Southwick against the board of county commissioners and others to enjoin the leasing of a tract of land, situated in that county, for oil and gas purposes, and entering thereon for the purpose of extracting oil and gas therefrom.

Plaintiffs Benedict and Eaton claim title as heirs at law of John L. Benedict, deceased, and plaintiff Southwick claims title by purchase from her coplaintiffs, Mary L. Benedict and Minnie B. Eaton. Defendant county claims title under a warranty deed executed by deceased and his wife on June 28, 1916. The deed conveyed to the county a fee-simple title to the land.

The evidence shows that the land was purchased from the Benedicts by the county for highway purposes; a road was thereafter constructed across it and used by the public as a road for a short time, but was later abandoned by the public as a road. The county is now attempting to lease the land for oil and gas purposes.

It is the contention of plaintiffs that the county was without authority to acquire the fee-simple title to the land for highway purposes; that, under the law, it could only acquire an easement for such purposes; and that, notwithstanding it procured a deed conveying to it the fee-simple title, when the tract was abandoned for road purposes, the title thereto reverted to plaintiffs. The trial court found against this contention and entered judgment in favor of defendants and denied plaintiffs' injunction.

A county, under our statutes, is authorized to acquire fee-simple title to land for certain purposes. Section 5653, C. O. S. 1921 [O. S. 1931, sec. 7361], provides as follows:

"Each organized county within the state shall be a body corporate and politic and as such shall be empowered for the following purposes: * * *

"Second. To purchase and hold real and personal estate for the use of the county, and lands sold for taxes as provided by law.

"Third. To sell and convey any real or personal estate owned by the county, and make such order respecting the same as may be deemed conducive to the interests of the inhabitants."

The mere fact that the county may have taken a deed conveying to it the fee-simple title for a purpose not authorized by law, does not render the deed absolutely void. Neither the parties who conveyed the land, nor their heirs, can complain or maintain an action to set aside the deed, or recover the land; the state alone can, as a general rule, complain, and it alone can maintain an action to divest the county of title thereto.

In 7 R. C. L. 567, the following rule is announced:

"The state in whose territory real estate is situated may, of course, in a proper proceeding, contest the right of a corporation to take and hold the same. But the purchase by a corporation of more real estate than it is authorized to hold is not void; the state alone can object to such acquisition, or, in a proper case, a stockholder. As against third persons its title is valid. * * * In the case of corporations created by the federal government, such as national banks, only the federal government can raise the objection that a purchase by such a corporation was ultra vires. A grantor cannot assail his conveyance on the ground that the corporate grantee had no capacity to take and hold the land conveyed. Nor does a municipal corporation possess the power of the state in this respect. If there has been no objection on the part of the state to the acquisition of real estate by a corporation, its conveyance of the realty so acquired will transfer a good title. * * *"

The Supreme Court of the United States, in the case of Reynolds v. First Natl. Bank, 28 L. Ed. 733, held:

"Where a corporation is incompetent by its charter to take title to real estate a conveyance to it is not void, but only voidable,

The sovereign alone can object. It is valid until assailed in a direct proceeding instituted for that purpose."

The Supreme Court of Missouri, speaking on the subject in Chambers v. City of St. Louis, 29 Mo. 543, said:

"There being a right in the city to purchase, if there is a capacity in the vendor to convey, so soon as a conveyance is made there is a complete sale; and if the corporation, in purchasing, violates or abuses the power to do so, that is no concern of the vendor or his heirs. It is a matter between the state and the city. The law is only directory in relation to a corporation taking lands. It imposes no penalty, nor does it in terms avoid the conveyance. Nowhere is a corporation in express terms prohibited from taking and holding lands. The city is duly incorporated with authority to hold, purchase, and convey such real and personal estate as the purposes of the corporation shall require; and if, in holding and purchasing real estate, she passes the exact line of her power, it belongs to the government of the state to exact a forefeiture of her charter; and it is not for the courts in a collateral way to determine the question of misuser by declaring void conveyances made in good faith. In this view of the subject we are amply sustained by the authorities."

To the same effect is Raley v. Umatilla County (Ore.) 13 P. 890.

In Myatt v. Ponca City Land & Imp. Co., 14 Okla. 189, 78 P. 185, the court, in discussing the question here involved, said:

"When a person empowered to transfer the title to real estate conveys the same to a corporation, the title passes from him, and whether rightfully or wrongfully, must be vested in the corporation, and it does not lie with him or any one else claiming through or under him to dispute the right of the corporation to receive the same. In such case, the state alone may question the right of the corporation to take and hold the title."

See, also, the following authorities: Barnes v. Multnomah Co. (C. C. Ore.) 145 Fed. 695; Board of Sup'rs Stritze (Miss.) 13 So. 36; and authorities cited in 7 R. C. L. 567.

Under these authorities, plaintiff cannot maintain this action. If the county has exceeded its authority in acquiring the fee-simple title to the land, as a general rule, the state alone can complain.

Having acquired title to the land, the county has a right to lease it for oil and gas purposes, under the provisions of section 9504, C. O. S. 1921 [O. S. 1931, sec. 5959], which are:

"Any county, town, school district, or township that now owns or may hereafter acquire any land, other than town or city lots, under the control of the board of county commissioners, board of town trustees, directors of school district or board of education, is hereby authorized and empowered to enter into a valid contract to lease such land to any person, association, or corporation for a term of years not to exceed ten years, for the purpose of constructing permanent improvements thereon, or for oil and gas development. This law does not apply to agricultural purposes."

Plaintiffs further urge that in deeding the land in question to the county, the grantor only intended to convey an easement. The deed on its face, in plain and unambiguous language, conveys a fee-simple title to the land. In the absence of an action to reform a deed, in accordance with equitable principles, not here involved, we are not authorized to go behind the plain terms of the deed.

The judgment of the trial court is affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) 7 R. C. L. 937 et seq. 947. (2) 7 R. C. L. 567, 568; R. C. L. Perm. Supp. p. 2032; R. C. L. Pocket Part, title "Corporations," § 553.