## CAMPBELL v. BOARD OF COM'RS OF OKLAHOMA COUNTY et al.

No. 21968. March 20, 1934.

Bailey & Hammerly, for plaintiff in error.

Lewis Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendants in error.

PER CURIAM. This is an appeal from a judgment sustaining the demurrer of the defendants to the plaintiff's petition in an action brought by him to cancel a deed executed by him to Oklahoma county, Okla., which deed was dated December 16, 1929, and shows a consideration of $7,500, subject to a $1,500 mortgage, and covers 200 acres of land in Grady county, Okla.

The plaintiff contends that the deed was void for the reason that Oklahoma county had no power, right, or authority of any

kind or character to own or acquire title to any land except such lands as may be necessary for public purposes or for county business; and alleges that the lands involved in this lawsuit were outside the boundaries of Oklahoma county, and were not acquired for any public or county purpose.

It does not appear from the record in the case, but the briefs for both the plaintiff and the defendants allude to the fact that the deed was given to Oklahoma county in settlement of a judgment against the plaintiff on a bond forfeiture.

Section 1 of art. 17 of the Constitution of Oklahoma is as follows:

"Each county in this state now or hereafter organized shall be a body politic and corporate."

Section 7361, O. S. 1931, sec. 5653, C. O. S. 1921, is as follows:

"Each organized county within the state shall be a body corporate and politic; and, as such, shall be empowered for the following purposes: * * *

"Second: To purchase and hold real and personal estate for the use of the county, and land sold for taxes as provided by law."

From the foregoing it is clearly apparent that a county has the unquestioned right to hold title to real estate in this state.

This court has never passed on the right of a grantor in a deed to a county to question the validity of the deed by which he has conveyed his land to the county, but other states have; and those states hold that an individual has no right to question the right of the county to hold the land; that it is a matter purely for the state to inquire into. The Mississippi Supreme Court, in the case of Board of Supervisors of Quitman County v. Stritze, 70 Miss. 320, 13 So. 36, in laying down this rule, says:

"The power to acquire, hold and dispose of real estate is incident to corporations generally, and may be said to be universal, except when either expressly forbidden by the act creating the corporation, or by necessary implication springing from the character of the corporation itself. But boards of supervisors may by law acquire real estate for certain purposes, and, having such capacity, conveyances to them are not void, but voidable only. The sovereign alone can object. 4 Amer. & Eng. Enc. Law, 233. By the conveyance from Phelps the title to the land passed to the board of supervisors of Quitman county, and neither he, nor the defendants, who claim derivatively from him, have any interest in the question whether this body shall be permitted to own and possess or sell the same; that is a matter between the board and the state, in which strangers have no right to be heard."

The case of Chambers v. City of St. Louis, 29 Mo. 543, sustains the conveyance here. Under the charter of the city of St. Louis, the city was authorized to hold property in the city and outside the city for special purposes. One Bryan Mullanphy left one-third of his property by will to the city of St. Louis, and part of that property was beyond the limits of the city of St. Louis; and it was not claimed that it was intended, or could be used, for any of the purposes contemplated by the charter, but the title of the city under the will was sustained, and the court there made the following statement:

"There being a right in the city to purchase, if there is a capacity in the vendor to convey, so soon as the conveyance is made there is a complete sale; and if the corporation, in purchasing, violates or abuses the power to do so, that is no concern of the vendor or his heirs. It is a matter between the state and the city."

To the same effect are Raley v. Umatilla County, 15 Ore. 172, 13 P. 890; Hayward v. Davidson, 41 Ind. 212; New York Life Insurance Co. v. Board of County Commissioners of Cuyahoga County, 106 Fed. 123; and Barnes v. Multnomah County, 145 Fed. 695.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Harry L. S. Halley, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.