16042

WILLIAMS *ET AL.* v. WYLIE *ET AL.*

(46 S. E. (2d) 540)

52

*Messrs. Williams & Stewart* and *J. H. Howey,* of Lancaster, for Appellants,

*Messrs. Gregory & Gregory* and *John D. Wylie,* of Lancaster, for Respondents,

February 12, 1948.

FISHBURNE, J.: The complaint in this cause was filed by W. Bruce Williams and James H. Howey, appellants here, as citizens and taxpayers of the county of Lancaster, on behalf of themselves and all other taxpayers and citizens of the county. The complaint assails the validity of a certain deed of conveyance executed and delivered by the Board of County Commissioners for the county of Lancaster, to Louise P. Wylie, as executrix, and John D. Wylie, as executor, both of whom, together with the County Commissioners, are named as defendants. It is sought to have this deed cancelled and declared null and void upon various grounds, which will be hereafter adverted to. The cause was heard before the circuit court on a demurrer to the complaint, and from the judgment of that court sustaining the demurrer and dismissing the complaint, the present appeal is prosecuted.

So far as they may be material to the solution of the issues raised by the appeal, the allegations of the complaint may be thus condensed:

The county commissioners for and on behalf of Lancaster County, pursuant to the authority of an Act of the General Assembly approved January 26, 1945, Act No. 353, 44 Stats. Page 1026, purchased a certain parcel of land comprising a city block, in the city of Lancaster, for the erection thereon of a court house, from Louise P. Wylie and Eliza Wylie Smith, as executrices, and John D. Wylie, as executor of the will of R. E. Wylie, deceased, paying therefor the sum of $42,000.00. This transaction was effected on March 1, 1945, and the deed to the commissioners was executed on that day and duly recorded. Thereafter, on or about December 4, 1946, a regular meeting of the county commissioners was held, at which all of the defendant commissioners and the plaintiffs, as a majority of the legislative delegation of Lancaster County, together with the defendant, John D. Wylie, representing himself individually and as executor, and other beneficiaries of the estate of R. E. Wylie, were present. At this meeting, the defendant John D. Wylie proposed and requested that the county of Lancaster reconvey the property in question, which was purchased by the county from the estate of R. E. Wylie, deceased, to the estate of R. E. Wylie for the same consideration paid by it, plus a small amount of interest and expenses incurred by the county.

It is further alleged that the county commissioners and John D. Wylie knew that the property had greatly enhanced in value since its purchase by the county, and possessed at that time a value in excess of $70,000.00. That the plaintiffs objected to the acceptance of any such proposal because there were on record in the office of the Board of County Commissioners several bids from various individuals of Lancaster County offering to purchase the property for a consideration greatly in excess of that offered by Wylie, and that the defendant Wylie and the county commissioners were informed and had full knowledge of these offers or bids.

It is alleged that thereafter the commissioners, or some of them, at the instance and request of John D. Wylie, and as a part of a scheme or plan to defraud the plaintiffs and other taxpayers of Lancaster County of their rights in and title to the property, assembled in a secret session. At this session a resolution was adopted authorizing and directing the chairman and clerk of the Board to execute and deliver to the estate of R. E. Wylie a deed in fee simple to the lot of land described in the complaint for the same consideration paid by the county, plus four per cent. interest, and other incidental expenses, which amounted in all to $45,207.50. That in furtherance of the conspiracy to defraud the taxpayers of Lancaster County, the county commissioners, by and through its chairman and clerk, acting pursuant to the resolution adopted, executed to the Wylie estate what purported to be a deed of conveyance in fee simple to the property mentioned for the sum of $45,207.50, and the deed was duly recorded. It is alleged that this deed was fraudulently obtained, is illegal, null and void, and should be cancelled and stricken from the records.

The appellants allege that the acts of the commissioners were *ultra vires,* and wholly without authority of law, because (1) the consideration paid was grossly inadequate; (2) the resolution authorizing the conveyance was not passed by a majority of the commissioners present at the meeting; (3) the meeting authorizing the execution of the conveyance was called by one of its members without authority of its chairman and without giving notice to the public of the object of the meeting; and (4) that the commissioners were without power or authority at law to sell or convey property owned and held by the county for a public purpose.

The complaint contains no allegations of a tender to the Wylie defendants of the money paid by them to the county for a reconveyance of the property, and makes no offer to restore the status quo. Defendants' demurrer admitted all

the facts well pleaded in the complaint, but presented the issue that the complaint failed to state facts sufficient to constitute a cause of action, because it did not allege a tender or offer a refund to the estate of R. E. Wylie of the sum of $45,207.50, the amount which was paid by them as the purchase price of the property conveyed.

A copy of the 1945 Act of the General Assembly herein-above referred to was attached to the complaint as an exhibit; it will not be necessary to set it out verbatim. It authorized and directed the Board of County Commissioners of Lancaster County to purchase the real estate in question, which is described in detail, from the estate of R. E. Wylie; that the purchase price of $42,000.00 be paid out of the county ordinary funds; and the commissioners were empowered to accept a fee simple deed of the property, naming Lancaster County as grantee. The Act contains no provision authorizing the commissioners to sell the property.

The demurrer was sustained and the complaint dismissed, upon the ground heretofore stated—that a tender by the plaintiffs of the money received by Lancaster County for the reconveyance of the property was an absolute prerequisite to the institution and maintenance of this suit in equity for the cancellation of the alleged fraudulent deed given by the county commissioners to the Wylie estate.

Several subsidiary questions are raised by the appeal, but the major issue, as we see it, is whether or not under the circumstances alleged in the complaint, a tender or offer to return the consideration paid for the alleged fraudulent conveyance constituted an absolute prerequisite to the institution of this suit. This is the vital question in the case.

It is first insisted by the appellants that they were not parties to the alleged unlawful transaction, received no part of the purchase price; and that the acts of fraud and collusion on the part of the respondents made it impossible for them to make a tender or effect a restoration of the status

quo prior to bringing this proceeding in equity. They assert that in no event, under the special facts of this case, in a suit of this kind, was it incumbent upon them to make a tender.

Undoubtedly, the general rule, subject, however, to certain limitations and exceptions, is that a complainant seeking cancellation must, as a condition to his obtaining relief, restore a defendant as far as possible to the position which he occupied prior to the transaction which is sought to be rescinded. 12 C. J. S., Cancellation of Instruments, § 44. The remedy of cancellation, like other forms of equitable relief, being subject to the maxim, "He who seeks equity must do equity," the rule as to tender generally applies irrespective of the ground upon which cancellation is sought, be it for fraud or other subject of equitable cognizance. *Cathcart v. Stewart,* 144 S. C. 252, 142 S. E. 498. Also see *State v. Broad River Power Co.,* 177 S. C. 240, 181 S. E. 41, and *Kennerty v. Etiwan Phosphate Co.,* 21 S. C. 226, 53 Am. Rep. 669.

A plaintiff, however, is required to restore or offer to restore the consideration, not as a condition of acquiring the right to sue, but because of the equitable maxim that he who seeks equity must do equity.

It is very obvious that if in a taxpayers' action like the one before us, where the plaintiffs as individuals received no part of the consideration, they must tender or offer to restore the money received by the county, then it would be a rare thing indeed that such a proceeding, however just and proper, would ever be brought. In view of the exceptional character of this case, to permit such suit without tender or restoration of the status quo, amounts to a practical necessity. Otherwise, plaintiffs so situated would be powerless and without remedy of any kind. Under the facts shown here, it affirmatively appears that a demand upon the county commissioners to take adverse action against the Wylie estate would have been futile and unavailing. So that,

if the right to invoke the aid of the court of equity in a case of this nature be denied to taxpayers, then the officers of a county could alienate and convey with impunity the property of a county without lawful authority, and the public would be without redress.

The remedy afforded to a member of a corporation, such as a county, is necessarily in equity, for he has no direct interest to be protected by a personal action. He must proceed in equity or not at all, joining the county as a party in the capacity of trustee for all of its members. The plaintiffs' interests are wholly indirect, like that of any member of a private corporation under the same circumstances. Here it is alleged that the action of the county commissioners in reconveying the property to the Wylie estate was wholly without authority of law, and fraudulent. The money paid to them by the Wylie estate, as the consideration for the alleged fraudulent deed, has been mixed with other public funds, and is, of course, entirely beyond the reach of the plaintiffs so as to enable them to make a tender.

It was held in *Sechrist v. Rialto Irrigation Dist.*, 129 Cal. 640, 62 P. 261, 263, that a taxpayer could maintain a bill against a municipality and the holders of bonds issued by it for their cancellation, without alleging that he had demanded of the municipality that it bring the proceeding, and that, if it appeared that the bonds contained infirmities fatal to their validity, he was entitled to appropriate relief without first doing equity by bringing into court the consideration for which the bonds were issued, since requiring him to do so would be to deprive him of all remedy. The Court said:

"Assuming, for the moment, that at the trial the bond-holders may show sufficient equities to entitle them to a return of the consideration paid, or to the property of the district purchased with their money, and assuming that the district and its directors are properly made parties defend-

ant, we see no difficulty in having the equities of the bond-holders fully protected in the action while giving plaintiffs the relief sought by them."

The same reasoning is applicable here. Unquestionably, if upon the trial of this case upon its merits, the decision should go against the respondents, the court would require, before granting the redress prayed for, that full equity be done. This was substantially done in *Burgess v. Burgess*, 130 S. C. 265, 126 S. E. 34, in a partition proceeding.

Under the facts and circumstances peculiar to this case, we think they furnish and make necessary an exception to the general rule which makes tender a prerequisite to the institution of a suit for the cancella-tion of a deed. The demurrer filed by the respondents admits the truth of the allegations of the complaint well pleaded. Therefore, it appears that the county commissioners in the execution of the deed to the Wylie estate, acted without legal authority, and that the transaction was consummated in fraud. These are issues which will be decided upon a final hearing in the circuit court. As heretofore indicated, a pre-liminary tender was not necessary to be made by the plain-tiffs bringing this action as taxpayers in a court of equity. In the event the deed should be set aside, it may safely be assumed that the court will make due provision in the final decree for the return of the purchase money.

Before any hearing was had on the demurrer, the appellants, on May 19, 1947, served on the respond-ents notice of a motion to amend their complaint by adding as a party defendant to the action, G. O. Mobley, Treasurer of Lancaster County, and asking that he be or-dered and required by the court to refund the purchase price of the land to the estate of R. E. Wylie, deceased, upon the cancellation by the court of the alleged fraudulent convey-ance. The proposed amended complaint had attached to it as an exhibit a copy of an Act of the General Assembly, No. 468, 45 Stats. Page 1248. This Act was approved May 8, 1947, and reads as follows:

"The Treasurer of Lancaster County is hereby authorized and empowered to transfer the sum of Forty-five Thousand Two Hundred Seven, and 50/100 ($45,207.50) Dollars from the General Fund of Lancaster County to a special fund to be held by said County Treasurer in escrow pending a final judgment in the case of *Williams et al. v. Sapp, Chairman of the County Board of Directors, et al.* And if the plaintiff in the above action shall be successful and the deed from Lancaster County to the estate of R. E. Wylie shall be set aside or if the heirs of the said R. E. Wylie shall reconvey the said property to the County of Lancaster, then the Treasurer is hereby empowered and directed to pay to the heirs of the said R. E. Wylie the sum of Forty-five Thousand Two Hundred Seven and 50/100 ($45,207.50) Dollars from this special fund.

"Section 2: Repeal.—All Acts or parts of Acts inconsistent herewith are hereby repealed."

The circuit court held, in passing upon this motion, that the complaint was not properly the subject of the amendment proposed because it alleged facts not in existence at the institution of the action, but which had occurred since. The reference to the subsequent occurrence of facts related to the passage of the Act of the General Assembly to which we have just referred, which was approved May 8, 1947. The court therefore took the view that these facts should be alleged in a supplemental complaint instead of by amendment, which is in accordance with the general rule. *McCaslan v. Latimer,* 17 S. C. 123.

But under the facts of this case, we do not think that this rule can be rigidly applied here. Immediately after the passage of the 1947 Act, to wit, on May 19, 1947, the plaintiffs served on the respondents their notice to amend. By this amendment, they were, in effect, merely bringing to the attention of the court a public law of the state. Even without such motion and amendment it would be the duty of the court to take judicial notice of the 1947 Act. And if in the

final disposition of the case the decision should be adverse to the respondents, restoration of the purchase money would be ordered in accordance with the applicable law. The motion to amend should, therefore, have been granted. Certainly, the respondents could suffer no prejudice thereby.

We are, of course, not passing upon the question as to whether or not the Board of County Commissioners possessed legal authority to sell the lot of land owned by Lancaster County which is described in the complaint, nor the other issues which will undoubtedly be presented to the circuit court, such as fraud. The case is before us upon demurrer; and the complaint, which we treat as an amended complaint, states facts sufficient to support the causes of action therein alleged. As heretofore indicated, we think the demurrer should have been overruled.

The plaintiffs will have ten days from the date of the filing of the remittitur within which to serve their amended complaint upon the defendants. And the defendants are hereby given twenty days from the date of such service within which to answer the complaint.

Judgment reversed.

BAKER, C.J., and STUKES, TAYLOR, and OXNER, JJ., concur.