217 S.C. 247 (1950)
60 S.E.2d 586
WILLIAMS ET AL.
v.
WYLIE ET AL.
16385
Supreme Court of South Carolina.
July 17, 1950.
*248 Messrs. Gregory & Gregory and John D. Wylie, of Lancaster, for Appellants.
*249 Messrs. Williams & Parler and J.H. Howey, of Lancaster, for Respondents.
Messrs. Gregory & Gregory and John D. Wylie, of Lancaster, for Appellants, in Reply.
The following is the order of Judge Johnson in the Court below:
This case came on to be heard, by me, at the regular October term of the Court of Common Pleas for Lancaster County. This is an action by the plaintiffs, as taxpayers of Lancaster County, to set aside and cancel a deed of conveyance made by the defendant members of the Board of Commissioners for Lancaster County to the Wylie defendants. The complaint alleges that this deed or conveyance should be set aside and cancelled by the Court on two grounds. First, in that it was a plan or scheme on the part of the defendants to defraud the taxpayers of Lancaster County, as evidenced by various acts or omissions by them as set forth in the complaint, and further, that the purchase price paid was to the knowledge of all parties concerned grossly inadequate. Second, that the deed or conveyance made by the County Board of Commissioners was without authority at law and thus ultra vires.
*250 The complaint alleges, and the testimony in the case proves, that the property in question was purchased by the County of Lancaster from the R.E. Wylie estate on March 1, 1945, pursuant to an enabling act of the General Assembly of South Carolina. Although the enabling act and the deed are silent as to the purpose for which this property was purchased, the evidence is uncontradicted that it was to be used as a site for a new County courthouse and perhaps, jail. In December, 1946, some nineteen months later, the County Board of Commissioners, by resolution, authorized a reconveyance of the property to the R.E. Wylie estate, for the original consideration, plus 4 per cent. interest, from March 1, 1945, and pursuant to that resolution the Chairman and Secretary of the Board executed a deed conveying the property back to the Wylie estate.
A jury was drawn for the purpose of submitting to it any issues of fact that might arise and be properly determinable by a jury. After all the evidence was submitted, I concluded that no such issues of fact had been raised by the testimony and therefore dismissed the jury from the consideration of the case.
After all the testimony had been submitted, the defendants moved for a directed verdict, on the ground that there was insufficient evidence to submit the issue of fraud to the jury; the plaintiffs, in turn, made a motion for a directed verdict, on the ground that the evidence raised only the issue of law that the County Board of Commissioners lacked authority to make the conveyance.
A review of the testimony reveals that very few of the facts in the case are in dispute. The only evidence of any fraud is as to the value of the property. The greater weight of the evidence tends to show that the value of the property, at the time it was reconveyed to the Wylie estate, was considerably in excess of the consideration paid for it and that perhaps most of the Board members were aware of this fact, yet on the other hand it appears, also, *251 that at the time that the County purchased the property, in 1945, its value was in excess of the price paid for it by the County. It also appears, from some of the testimony, that at the time the property was conveyed to the County, it was agreed, orally, that it was to be used as a site for a County courthouse and jail, and it was for that reason that the County was able to purchase the property at all. I do not think mere inadequacy of consideration is enough to submit this case to the jury on a question of fraud, and there being absolutely no other evidence in the case which would show, or tend to show, any fraud or collusion on the part of the defendants, it appears that the motion of the defendants, on this ground, should be and it hereby is granted.
The next question for consideration is raised by the plaintiffs' motion for a directed verdict, that is whether or not the defendant Commissioners, even in the absence of any fraud or collusion on their part, and on the part of the Wylie defendants, had a right to convey the property in the absence of any legislative enactment authorizing them so to do. In other words did the County Board of commissioners for Lancaster County, have the power to sell real estate owned by the County and held in trust by them for its benefit. Volume 20, Corpus Juris Secundum, §§ 1, 3, 4 and § 49, under Counties, all relate to the powers of a County Board to dispose of the real estate of the County. As stated in Section 4, "A county has only such powers and can perform only such duties as are expressly or impliedly conferred or imposed upon it by constitutional or statutory provisions". Section 49, "A County is a quasi-corporation * * * and a governmental agency of the State, * * * with no independent sovereignty, and any powers not expressly conferred upon it are just plainly prohibited as though expressly forbidden". Volume 14, Section 36, Amer. Jur., under "Counties" says that ordinarily a County cannot, without legislative authority, dispose of real property after it has been acquired and devoted to public *252 service. Apparently this particular question as to the powers of a County Board has not been decided by the Supreme Court of this State. There does seem to be a division of the authorities depending upon whether or not the property has been devoted to a public purpose, or is held by the County for a private use. A few cases, in other jurisdictions, hold, where property is held by a County for a private use, or where it has been dedicated for a public use, and subsequently abandoned, the Board of Commissioners would have the power to dispose of such property without enabling legislation. This is, however, I think, a minority view, and it seems to me that a better rule and certainly a sounder public policy would be that a County Board of Commissioners should not have the authority to sell real estate of the County in the absence of legislative enactment, regardless of the purpose for which it was held. A reasonable doubt as to the existence of a particular power must be resolved against the Board. 14 Amer. Juris. par. 28, section 28; Louis v. Petroleum County, 92 Mont. 563, 17 P. (2d) 60, 86 A.L.R. 575. The Supreme Court of this State, in the case of Haesloop v. City of Charleston, 123 S.C. 272, 115 S.E. 596, and also in the case of Green v. City of Rock Hill, 149 S.C. 234, 147 S.E. 346, has determined the powers of a municipality as to the right to convey or sell real estate belonging to a municipality. A County, in a sense, is a municipal corporation and sometimes is classed as such, they are both subdivisions of the State and have only such powers as are granted to them by the State in their charters, or by legislative enactment. In the Haesloop case the Court held that, by its charter, the City of Charleston was empowered to sell surplus property, but that property, obtained for a public purpose, could not be sold without express legislative authority. This law was subsequently affirmed in the Green case. While in the case of municipal corporation their charters empower them to buy and sell real estate, however, Sections 4533 through 4541, of the *253 1942 Code, which set out the powers and duties of the Lancaster County Board of Commissioners, and which stand in the same category as a city's charter, the statute is significantly silent as to the right to buy and sell real estate. Municipalities derive their powers almost wholly from the Legislature and ther limitations are wholly the subject of Legislative discretion. Floyd v. Parker Water and Sewer Sub-District, 203 S.C. 276, 17 S.E. (2d) 223; Brackman v. City of Huntington, 126 W. Va. 21, 27 S.E. (2d) 71. During the course of argument by respective counsel, several cases from other jurisdictions were cited to the Court, among which were McDonald v. Logan County, 94 W. Va. 773, 120 S.E. 891, Keatly v. Summers County Court, 70 W. Va. 267, 73 S.E. 706, Ann. Cas. 1913E, 523. Both of these cases were suits to set aside conveyances of the County Court on the grounds that the property sold was not surplus, however, unlike South Carolina the West Virginia Legislature had passed a general statute authorizing the County Courts to sell surplus County real estate. Almost precisely the same point involved in this case was raised in the case of Jefferson County v. Grafton, 74 Miss. 435, 21 So. 247, 248, 36 L.R.A. 798, 60 Am. St. Rep. 516. In that case the County Board of Commissioners conveyed a school building to the defendant Grafton. Suit was filed by the new County Board for a recission of that deed. After the suit was filed the Mississippi Legislature passed an Act "In case any of the real estate belonging to the county shall cease to be used for county purposes the board of supervisors may sell and convey the same on such terms as the board may elect". Code 1892, § 304. Counsel for the defendants contended that this legislation was merely "declaratory of what the law was without it". In striking down this contention the Court used the following language. "But it is well said in 4 Am. and Eng. Enc. Law, p. 375, that `being creatures of statute, endowed only with special powers, and created for special purposes, they can *254 exercise only such powers as are expressly conferred by statute'". As State auxiliaries they cannot dispose of public property unless with the formal sanction of the State and even then in those cases only in which the State, violating no trust and no contract and infringing the rights of no one could herself legally act. See also, to the same effect, Bladen County Commissioners v. Clark, 73 N.C. 255; Hawkins v. Carol County Supervisors, 50 Miss. 735, 737; Howe v. State, 53 Miss. 57, 69. It is significant to know that not only are the statutes creating the Lancaster County Board of Commissioners silent as to the power to dispose of County real estate, but all statutes, creating the various Boards of County Commissioners in the State of South Carolina, are equally silent, except in the case of Florence County where the Board is expressly authorized by statute to convey surplus County real estate. Even if the Courts of this State should elect to follow which I consider the minority view, that a County Board has a right to convey surplus property of the County, or real estate which has been devoted by it to a private use, without enabling legislation, I do not see that it would apply in this particular instance. There is very little evidence, if any, that this property had been abandoned as a site for a Court House, while on the other hand there is abundant testimony to the opposite effect. Practically all of the defendant Commissioners testify that up until the time of the conveyance it was the purpose and hopes of the Board to construct a courthouse on the property. Plans had been drawn for the building and the only evidence that it had been set aside as surplus property is the resolution of the Board itself, authorizing the conveyance. This self-serving resolution should not be considered by this Court. If so it is within the province of imagination to perceive of an instance where a County Board could declare, by resolution, the courthouse or any of the County property as surplus and thereby circumvent, that which I consider to be the law, and dispose of any property of the *255 County. I find, as a matter of fact, that the property in question had not been abandoned by the County for a public use, but on the other hand had been specifically dedicated for a public purpose. For the reasons above stated it appears that the plaintiffs' motion for a directed verdict should be, and the same is hereby, granted.
It is therefore ordered, adjudged and decreed that the deed from S.B. Sapp, Chairman, and J.P. Culp, Clerk of the Board of County Commissioners, for Lancaster County, to Louise P. Wylie and Eliza Wylie Smith, executrices, and John D. Wylie, executor of the estate of R.E. Wylie, deceased, dated December 6, 1947, and recorded in the office of the Clerk of Court for Lancaster County, South Carolina, Deed Book S  3 at page 303, conveying the property described in the Complaint be and the same is hereby declared illegal, null and void, and the Clerk of Court for Lancaster County, is authorized and directed to cancel the same on the records of said County.
It is further ordered that the defendant, G.O. Mobley, Treasurer, of the County of Lancaster, is authorized and directed to pay to the defendants, Louise P. Wylie and Eliza Wylie Smith, executrices, and John D. Wylie, executor of the will of R.E. Wylie, deceased, the sum of $45,207.50, pursuant to Act No. 468 of the 1947 General Assembly for South Carolina, 45 St. at Large, p. 1248.
July 17, 1950.
PER CURIAM.
This case was here before upon successful appeal from order sustaining demurrer to the complaint and is reported in 212 S.C. 51, 46 S.E. (2d) 540. Reference should be had thereto for some of the facts and legislative history of the controversy. The subsequent trial in the Court of Common Pleas resulted in judgment favorable to plaintiffs, whence the present appeal. The decree of Honorable J. Henry Johnson, trial judge, has been carefully considered in the *256 light of the record and exceptions and we find no error. It is satisfactory to this court and is adopted as our judgment. Let it be published.
Affirmed.