Application of COUNTY COURTHOUSE BUILDING COMMISSION OF STEPHENS COUNTY, Oklahoma, to Determine the Constitutionality of the Law Creating such Commission and Approving the Creation of a Trust with Authority to Issue Trust Bonds.

No. 41100.

Supreme Court of Oklahoma.

June 8, 1965.

Edward L. Bond, J. G. Clift, Duncan, for applicant.

WILLIAMS, Justice.

Petitioner, County Courthouse Building Commission of Stephens County, Oklahoma, seeks to have this Court assume jurisdiction of this original action, determine the constitutionality of certain statutes creating the "County Courthouse Building Commission", and approve the "Stephens County Courthouse Building Trust", in turn created by such Commission, both as a legal entity and as having authority to issue valid revenue bonds of the trust for the purpose of constructing, furnishing and equipping a courthouse for Stephens County, Oklahoma. Petitioner further "requests, that this Court approve said bonds and judicially determine the validity of said bonds" to be later issued.

We note at this point that the statutes with the constitutionality and interpretation of which we are here involved contain no provision specifically authorizing this Court to assume jurisdiction of original proceedings either to approve formation of a Commission or trust such as are here involved or for approval of any bonds which may be issued later by such trust. Nor do such statutes specify any notice that may or should be given by a petitioner situated as is the present petitioner herein.

Petitioner herein urges for our consideration a portion of Article VII, Section 2, of our State Constitution. It is of provision as follows:

"The original jurisdiction of the Supreme Court shall extend to general superintending control over all inferior courts and all commissions and boards created by law."

■ It is to be noted that no one has appeared to protest the creation of the Stephens County Courthouse Building Trust. This matter was set for hearing before this Court on the 23rd day of February, 1965, at 1:30 P.M. There being no statutory direction as to any notice to be given, a notice fairly in compliance with our rules was published five consecutive weeks prior to such hearing in the Duncan Banner in Stephens County and the Daily Law Journal Record in Oklahoma City. We consider such notice to have been sufficient. Rule 5 of Rules of the Supreme Court of Oklahoma; Love v. Mayor and Board of Aldermen of Yazoo City, 162 Miss. 65, 138 So. 600.

■ We determine that the quoted provision of the Constitution confers authority upon this Court to accept jurisdiction and in view of the public importance of this matter and the need for an early decision, we have decided to do so. Fort v. Oklahoma Industries, Inc., Okl., 385 P.2d 470 and Meder v. City of Oklahoma City, Okl., 350 P.2d 916.

Before any of the actions with which we are presently herein concerned took place and likewise before the particular statutes with the interpretation and constitutionality of which we are to deal herein were enacted, the Legislature had already (in 1951 and

1953) enacted as a part of the trust law of this State certain general statutes under the heading, Trusts for Furtherance of Public Functions, Title 60 O.S.1961 §§ 176–180 of general effect that a public trust may be created with the State or a county or other governmental agency as beneficiary; that the agency shall accept the beneficial interest; that such trusts shall last for the duration of the beneficiary or shorter period specified in the instrument or will creating the trust; that such latter instrument or will "may provide for the appointment, succession, powers, duties, term and compensation of" the trustees; and that the trust "shall be an agency of the State and the regularly constituted authority of the beneficiary for the performance of the functions for which the trust shall have been created;" and shall not be terminated while still owing certain indebtedness.

Thereafter the Legislature in 1961 enacted the statutes with the constitutionality and interpretation of which we are presently concerned, to-wit: 19 O.S.1961 §§ 771–774 and in 1963 amended same (19 O.S.1963 Supp. §§ 771–778, both inclusive), thereby purportedly creating a County Courthouse Building Commission "in all counties of the State having a courthouse more than 38 years old and having more than One Hundred Thousand Dollars ($100,000.00) of unappropriated moneys in the court fund, on the effective date of this act." Such Act further provided that such commission "shall be composed of the district judge, county judge, county attorney, court clerk and chairman of the board of county commissioners, who shall receive and take custody of such court funds and county law library funds as, in the manner hereinafter provided, are determined to be excessive." (Section 771.)

The act further provides, among other things, that: "the County Courthouse Building Commission is defined as a political or governmental subdivision capable of creating a public trust and shall have authority to create such public trust and become the beneficiary thereof;" (Section

775); that such commission "or any public trust created thereby shall have the sole authority to * * * enter into any and all necessary contracts for the purpose of * * * constructing a new courthouse and furnishing and equipping [it] and to pay all costs incurred in connection therewith." (Section 776); that legal title to "the existing courthouse, its furnishings and equipment, and all appurtenances including but not limited to the real estate upon which the same is situated and the parking lots adjacent thereto" shall be conveyed to and become vested in such Commission or a public trust created by such Commission. (Section 777); and that "The moneys on deposit with the county treasurer of the county to the credit of the County Courthouse Building Commission shall be a continuing fund not subject to fiscal year limitations, and shall be used exclusively in payment of the cost of acquisition of such real estate as may be necessary to carry out the terms of this act, as determined by the County Courthouse Building Commission, and construction or purchase and remodeling of a courthouse for such county, equipping and furnishing said courthouse, and retiring any bonds which may be issued by a legally created public trust established in order to carry out the purposes of this act."

The Court is advised that at the time of the passage of the act here in question the County Courthouse of Stephens County was more than thirty-eight (38) years old and that there was then on deposit in the office of the County Treasurer of that County to the credit of the court fund of the County in excess of $100,000.00.

Petitioner urges that by virtue of these facts Stephens County came within the purview of the subject statutes.

Pursuant to said statutes a County Courthouse Building Commission was organized in Stephens County on August 14, 1961, and a chairman selected.

On the 13th day of January, 1964, the members of the "County Courthouse Commission" of Stephens County, caused to be formed the "Stephens County Courthouse

Building Trust" under the provisions of 19 O.S.1961 §§ 771–774 as amended by 19 O.S. 1963 Supp. §§ 771–778, both inclusive.

The declaration of trust provides generally for the appointment, succession, powers, duties, term etc. of the trustees. § 178. It designates the name, purposes, duration, trust estate, trustees and beneficiary and provides for termination of the trust.

No question with reference to these matters appears to require extended discussion in this opinion.

The purposes of the trust here involved are stated generally to be "To make and enter into contracts necessary for the construction of a County Courthouse for Stephens County, Oklahoma, to acquire a site for the location thereof, to issue Trust Bonds to raise the necessary revenues for the cost of acquiring a site for a Courthouse and for the cost of construction thereof and the cost of furnishing and equipping the same."

Provision was made that the trust estate shall consist of funds transferred to the trustees and "all money and property, real and personal, and all other things of value * * * coming into the hands, or under the control of the Trustees pursuant to the provisions of" the trust indenture "or by virtue of the trusteeship hereunder" (following sections 772 and 773, 19 O.S.1963 Supp. of the County Courthouse Building Commission Act).

Provision was made in the declaration of trust that upon termination of the trust, the trustees shall wind up the trust's affairs, distribute residue trust money to the County Courthouse Building Commission and convey the courthouse property to Stephens County, Oklahoma.

The trustees in writing have accepted their responsibilities as such.

Likewise such Commission in writing has accepted the benefits to be derived from the creation and operation of such trust.

The declaration of trust, the acceptance by the trustees of their duties, responsibilities and obligations as such and the accept-ance by the Commission of all benefits of the trust arrangement have been duly filed in the office of the County Clerk of Stephens County.

Specifically, the members of the Commission have in mind the acquiring by such trust of a site, the construction by the trust thereon of a county courthouse and the furnishing thereof for Stephens County and the payment therefor from funds accumulated in or to come into the hands of the trustees otherwise and from the proceeds of the sale of revenue bonds of the trust, such bonds to be retired from the sale by it of assets and receipts by it of future accumulations of excess funds from the court fund and county law library fund of Stephens County, Oklahoma.

The declaration of trust gives the trustees practically unlimited power to do all things necessary to perform the foregoing purposes and functions. Fort v. Oklahoma Industries, Inc., Okl., 385 P.2d 470; and Meder v. City of Oklahoma City, Okl., 350 P.2d 916.

The duration of the trust is stated to be "until such time as its purposes shall be fully executed and fulfilled and all bonds, issued by said Trust have been retired" (following section 777, 19 O.S.1963 Supp. of the County Courthouse Building Commission Act to which reference has been made hereinabove). Board of County Commissioners of Oklahoma County v. Warram, Okl., 285 P.2d 1034, 1037.

We do not conceive it to be our responsibility in this case to pass on the feasibility of any proposed project of the nature anticipated. We do note, however, that we have been advised that there are on hand funds in the approximate amount of $300,000.00; that an issue of bonds of only some $350,000.00 will be required to build and equip the courthouse in question and that the annual receipts available to retire any bonds which may be issued by the subject trust probably will amount to some $40,000.00.

As a background to the consideration of the constitutionality and interpretation of

the statutes and the validity of the Commission and trust and any revenue bonds to be hereafter issued by the trust, all herein involved, we briefly review some of the former holdings of this Court on the subjects of the authority of the Legislature with reference to counties, the nature and powers of counties and the authority of public trusts, created to perform public functions with governmental agencies as their beneficiaries.

■ This Court has heretofore upheld the lawmaking power of the Legislature as being "supreme within its proper sphere, qualified only by the restrictions and limitations imposed by the state and federal Constitutions." Herndon v. Anderson, 165 Okl. 104, 25 P.2d 326. See Oklahoma Const. Art. V, Sec. 36.

In Oklahoma, a county is a body politic and corporate. Const. Art. 17, § 1; Campbell v. Board of Com'rs, 167 Okl. 510, 30 P.2d 910.

In the body of the opinion in the case of Herndon v. Anderson, supra, this Court further said:

"A county is an involuntary, subordinate political subdivision of the state created to aid in the administration of governmental affairs of said state and for greater convenience in carrying on the public affairs; it has no inherent powers, but derives those powers solely from the sovereignty. All powers intrusted to it are the powers of the sovereign which created it. Its duties are likewise the duties of the sovereignty; and being in its nature and object a subordinate political subdivision of the state, the Legislature may unless restrained by the Constitution exercise control over such agency of the state and require such public duties and functions to be performed by it as follows within the general scope and object of such agency of the state."

Pursuant to 19 O.S.1961 §§ 1, 2 and 339 a county may be the grantee of and may purchase and hold and convey real property. Campbell v. Board of Com'rs, supra; Benedict v. Board of Com'rs, 161 Okl. 50, 17 P.2d 454. See Smith v. State, Okl.Cr., 381 P.2d 900.

In Faulk v. Board of Commissioners, 40 Okl. 705, 140 P. 777, this Court approved an Act of the Legislature "empowering the board of county commissioners to contract for the erection of courthouses."

In Oklahoma, a county may sell lands acquired at tax sale. Airy v. Thompson, 154 Okl. 1, 6 P.2d 445; and certain other property where authorized by statute. State, for Use of Board of Com'rs of Creek County ex rel. Jennings v. Strange, 202 Okl. 11, 209 P.2d 691.

A county may donate lands to another government entity for public use if so authorized by statute. See Hennepin County v. City of Hopkins, 239 Minn. 357, 58 N.W. 2d 851; Union County Board of Chosen Freeholders v. Union County Park Comm., 41 N.J. 333, 196 A.2d 781; Montgomery County v. Md.-Wash.M.Dist., 202 Md. 293, 96 A.2d 353; Williams v. Wylie, 217 S.C. 247, 60 S.E.2d 586, 21 A.L.R.2d 717. In this connection, see 19 O.S.1963 Supp. § 349.

In the first, second and third paragraphs of the syllabus in Board of County Commissioners of Oklahoma County v. Warram, Okl., 285 P.2d 1034, we held:

"A valid trust in property, with a governmental entity as beneficiary, may be created for the furtherance, or the providing of funds for the furtherance, of any public function which the governmental entity might be authorized by law to perform; and the fact that such function had not been authorized to the beneficiary at the time of creation of the trust does not impair its validity.

"The common law, as modified by Constitution and statutory law, remains in force in Oklahoma, 12 O.S.1951 § 2; and statutes which generally are declaratory of common law rights,

should not be treated as enabling statutes and the source of the declared rights, but as limitations on existing rights to the extent which the statute modifies the common law.

"Trusts for the benefit of governmental entities are 'charitable trusts'; and the common law recognizes that the purposes for which such trusts may be established include a broad field of objectives for the benefit of a large class of the public or for lessening the burdens of government."

In the body of the latter opinion (at p. 1040 of the P.2d) we said:

"We find no merit in the contention that the beneficial interest now vested in Oklahoma County may not be properly transferred to some other subdivision of the State which may become burdened with the functions now vested in the county."

In our opinion in the case of Fort v. Oklahoma Industries, Inc., Okl., 385 P.2d 470, we held in effect that the trustees of a public charitable trust might issue and sell revenue bonds of the trust within the limits of authority granted such trust by the Legislature unless restrained by the provisions of the trust instrument.

In our decision in the case of Board of County Commissioners of Oklahoma County v. Warram, Okl., 285 P.2d 1034, 1035, supra, we said:

"The trustees of trusts for the furtherance of public functions being by law a state agency, indebtedness incurred by them and payable solely from the trust estate and its revenues, is not violative of Article X, sections 23 and 25 of the Constitution; and the fact that such trustees also are designated as regular constituted authorities of a beneficiary governmental subdivision does not violate sections 26 and 27 of Article X of the Constitution."

We have seen that the Legislature has enacted the statutes herein involved, thereby creating a Commission (described in the statutes) and empowering it to create a public trust and further directing the "duly constituted authority of such county" to convey "the existing courthouse, its furnishings and equipment, and all appurtenances including but not limited to the real estate upon which the same is situated and the parking lots adjacent thereto" "to said commission or a public trust created thereby" and thereupon investing such Commission or public trust "with authority to sell the same and apply the proceeds of such sale upon the costs of the items enumerated in Section" 772 of Title 19 O.S.1963 Supp.; and that such statutes encompass the other provisions herein discussed.

Article V of the Constitution of the State of Oklahoma, Section 46, provides that:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: * * *."

* * * * * *

"Regulating the affairs of counties, cities, towns, wards, or school districts; * * *."

"Relating to cemeteries, graveyards, or public grounds not owned by the State * * *."

* * * * * *

"Creating offices, or prescribing the powers and duties of offices, in counties, cities, towns, election or school districts; * * *."

By Section 59 of that Article it is provided that:

"Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

■ In our view, it is not necessary in this case to specifically pass upon the question of whether the statutes herein involved (19 O.S.1963 Supp. §§ 771–778) are local or special laws on the one hand or general statutes on the other for the reason that no protest of any character has been filed

in this case and no question as to the validity of such statutes has been raised or even suggested. See Dunlap v. Board of Com'rs of Carter County, 85 Okl. 295, 205 P. 1100, 1102, where with reference to an analogous situation this Court said:

> "As we view this case, it is unnecessary for us to determine whether this .section of the act is of a general nature, or whether it is a special or local law. * * *"

■ Our conclusion is that in enacting Title 19 O.S.1963 Supp. §§ 771–778, as interpreted in this opinion and as affects the facts in this case, the Legislature was not inhibited by any provision of the State Constitution; that it had the authority and power to create and to define the County Courthouse Building Commission "as a political or governmental subdivision capable of creating a public trust" and to invest it with "authority to create such public trust and become the beneficiary thereof;" and to empower such trust to issue its revenue bonds to build and equip and furnish a county courthouse and retire and redeem such bonds out of future revenue; that whether such statutes were general in the sense of not being local or special laws is immaterial in this case; that the enactment of the provision in the act for the conveyance and transfer by the duly constituted authority of such county of title to "the existing courthouse, its furnishings and equipment, and all appurtenances including but not limited to the real estate upon which the same is situated and the parking lots adjacent thereto" to said County Courthouse Building Commission or the "public trust created thereby" and thereupon investing such Commission or public trust with authority to sell same and apply the proceeds as spelled out in the act, was within the lawful exercise of authority of the Legislature granted in the Constitution as applied to the facts of this case; and that the County Courthouse Building Commission created in Stephens County, Oklahoma, pursuant to such statutes and the trust in turn created by such Commission, in general and as having authority to issue and retire and redeem its revenue bonds for the purposes stated in such act and as herein set forth, are valid. Ruling upon the validity of any such bonds to be hereafter issued by such trust is reserved until presentation by petitioner or the trust of any such bonds to this Court along with any request for approval thereof.

Jurisdiction is assumed and relief granted as in foregoing opinion stated.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.