18962

Eugene WESTBROOK, John C. Painter, Jr., Fred Fagan, H. C. Willauer, as Trustees of Spartanburg County Tuberculosis Hospital, Petitioners, v. C. B. HAYES, JR., Thos. P. Johnson, J. E. Crosland, M. Lanham Workman, James O. Thomason, as County Board of Commissioners, Respondents.

(169 S. E. (2d) 775)

*Messrs. Johnson & Smith,* of Spartanburg, *for Petitioners,*

*Roy McBee Smith, Esq.,* of Spartanburg, *for Respondents,*

*Roy McBee Smith, Esq.,* of Spartanburg, *for Respondents, by way of Reply Brief,*

Sept. 22, 1969.

*Per Curiam:*

In this action instituted in the original jurisdiction of the Supreme Court the petitioners are members of and constitute the Board of Trustees of Spartanburg County Tuberculosis Hospital, created by Act No. 54 of the 1943 Acts of the General Assembly (43 stats. at Large 74), and for simplicity they will be referred to simply as the Board. The respondents are the members of and constitute the Board of Commissioners of Spartanburg County, created by Act No. 1035 of the 1968 Acts of the General Assembly (55 Stats. at Large 2455), and for simplicity they will be referred to simply as the Commission.

The order of this court permitting this action to proceed in the original jurisdiction granted the Board certain temporary injunctive relief against the Commission. While the issues involved hinge upon the statutory powers, or lack thereof, conferred respectively upon both the Board and the Commission, we deem it unnecessary to a decision to set forth the respective creating statutes verbatim or enter into a full discussion of the respective powers of the contending parties.

The Commission was granted the power, *inter alia,* to levy taxes, within certain limitations; to make appropriations for the various county departments, agencies, etc., and to control the expenditure of appropriated funds. The Commission determined that it should make no appropriation for the Tuberculosis Hospital operated by the Board beyond the 31st day of August 1969, and that the patients in said hospital could be much more economically cared for otherwise. The Board contends that the Commission has exceeded its powers, in refusing to make any appropriation at all for the hospital, and that it seeks to do indirectly, what it is not clothed with authority to do directly, namely, abolish the hospital as a tax-supported institution. The Board seeks to enjoin the Commissioner from refusing to appropriate money for the operation of the hospital.

The Commission contends, *inter alia,* that the Board has no standing, power or authority to institute any litigation, and particularly that it does not have the capacity or power to institute the present action. If such contention be correct, all other issues raised become presently academic.

The Board has not called to our attention any statutory provision, or other authority, which purports to give it the capacity to institute and maintain the instant action, and we are aware of none. It is unnecessary to a decision of this appeal to decide whether the Board has the capacity to sue or to be sued in some other action, it being sufficient to decide whether it had the capacity to institute the instant action. The Act creating the Board has to be strictly construed and where there is a reasonable doubt as to the existence of a particular power, such doubt has to be resolved against the existence of such power, *Williams v. Wylie,* 217 S. C. 247, 60 S. E. (2d) 586, 21 A. L. R. (2d) 717. An examination of that Act shows that it contains no language which, either expressly or by necessary implication, confers upon the Board the power to institute and maintain the instant action.

The Board is simply an agency, instrumentality, or department of the County of Spartanburg created by an Act of the General Assembly. It appears that at common law not even a county had the capacity to sue or be sued. 20 C. J. S. Counties § 319, p. 1281. By virtue of either statutory or constitutional provisions, or both, counties now generally have the capacity to sue, and, within certain limitations, be sued, such being the case in South Carolina. If however, the Board be regarded as either Spartanburg County, or the duly authorized representative thereof, then it would follow that Spartanburg County is suing itself in this action, since the Commission is the local governing body of Spartanburg County.

We therefore, conclude that the Board is without capacity to maintain the instant action and that such should be dismissed, thus making unnecessary a discussion or decision

of the other issues raised. The injunction *pendente lite* heretofore issued is hereby vacated.

Petition dismissed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

LITTLEJOHN, J., did not participate.