J. D. RAY et al., Petitioners,

v.

Honorable Joe B. THOMPSON, District Judge Twentieth Judicial District, and the Oklahoma Wildlife Conservation Commission, Respondents.

No. 43514.

Supreme Court of Oklahoma.

July 29, 1969.

Joseph O. Minter, Madill, for petitioners.

G. T. Blankenship, Atty. Gen. of Oklahoma, Gary F. Glasgow, Asst. Atty. Gen., for respondents.

LAVENDER, Justice.

This original proceeding, by a number of holders of currently-valid commercial fishing licenses issued by the Department of Wildlife Conservation of the State of Oklahoma, against the Judge of the District Court of Marshall County, Oklahoma, and the Oklahoma Wildlife Conservation Commission, was precipitated by the adoption, on April 8, 1969, by that Commission at a regular meeting thereof, of a resolution (numbered F–4–69) prohibiting commercial fishing, in Lake Texoma only, during the period of April 18 through May 31, 1969. No notice that the matter of commercial fishing would be discussed at such meeting was given to any holder of a commercial fishing license. A copy of the resolution, as adopted, was mailed to each holder of a commercial fishing license, but none of the petitioners herein received the same until April 13 or 14, 1969. One of the petitioners appealed to the District Court of Marshall County and that court issued an order restraining the Commission from enforcing its resolution pending disposition of the appeal or until further order of the court. The other petitioners herein were allowed to intervene and, by agreement of their attorney and the Assistant Attorney General assigned to represent the Commission, the matter was set for hearing on May 8th, but, on April 28th, the district judge informed the attorneys, by telephone, that the matter would be heard on April 29th or he would dissolve the temporary order without a hearing. The parties appeared on April 29th and the petitioners objected to hearing the matter on such short notice and moved for a continuance to May 8th, but were overruled. After a hearing on that date,

the district court entered an order dissolving its temporary order, denying the relief requested by the petitioners, and decreeing that the resolution in question be given full force and effect and that commercial fishing in Lake Texoma be prohibited until May 31, 1969. The petitioners commenced this proceeding in this court to restrain the enforcement of that court order and the Commission's resolution.

At a hearing on May 13, 1969, at which all of the parties were represented by counsel, this court granted the respondents until May 23, 1969, to file their brief herein and granted the petitioners until May 28, 1969, to file a reply brief, and entered an order prohibiting the respondents from enforcing the Commission's Resolution F–4–69 until the further order of this court.

In their brief accompanying their application and petition herein, the petitioner's primary contention is that the provisions of the Administrative Procedures Act (House Bill No. 865 of the Twenty-ninth Oklahoma Legislature; Chapter 371 O.S.L. 1963; 75 O.S.Supp. 1968 §§ 301–325) are applicable to the Oklahoma Wildlife Conservation Commission, because that act does not expressly except the Commission from the operation of the act, and that, in adopting the resolution in question, the Commission made no attempt to comply with any of the provisions of that act.

In their response, the respondents concede that the Oklahoma Wildlife Conservation Commission is an "agency," as that term is defined in Section 1 of the Administrative Procedures Act (75 O.S.Supp. 1968 § 301), since it is authorized by the Constitution and/or statutes to make "rules" or to formulate "orders," as those terms are defined in Section 1 of that act, and is not expressly excepted from the operation of the act by any provision thereof, and that, therefore, insofar as the provisions of that act are concerned, the Oklahoma Wildlife Conservation Commission would be subject thereto. However, they question the applicability of the act to the Commission because of certain provisions

of Section 1 of Article 26 of the Constitution of the State of Oklahoma.

Because the question is one in which the State of Oklahoma has a sovereign interest and affects the public generally, we have determined to assume jurisdiction of this cause, and to retain jurisdiction thereof, for the purpose of deciding the constitutionality of the Administrative Procedures Act as applied to the Oklahoma Wildlife Conservation Commission, in spite of the fact that the period of time during which the Commission's prohibitory resolution, directly involved in this proceeding, was to be effective would, and did, elapse before the question could be briefed by the parties and decided by this court. See: Application of County Courthouse Building Commission of Stephens County (1965), Okl., 403 P.2d 501, and Oliver et al. v. Oklahoma Alcoholic Beverage Control Board et al. (1961), Okl., 359 P.2d 183.

The respondents argue that the power of the Oklahoma Wildlife Conservation Commission to prescribe rules and regulations is derived from the provisions of Section 1 of Article 26 of the Oklahoma Constitution, and that, therefore, such power, when exercised within the Commission's broad jurisdiction over the management and conservation of the bird, fish, game and other wildlife resources of the state, conferred by that article of the Constitution, is paramount to legislative acts, because "the Constitution is the highest expression of law to which all other laws must yield, and an act passed by the legislature which contravenes any *express* provision of the Constitution is invalid" (citing In re Denny, 156 Ind. 104, 59 N.E. 359, 51 L.R.A. 722, and Merwin v. Fussell, 93 Ark. 336, 124 S.W. 1021).

That argument not only assumes that Article 26 of the Constitution confers upon the Oklahoma Wildlife Conservation Commission, created thereby, broad jurisdiction over the management and conservation of the bird, fish, game and wildlife resources of the state, but it also assumes that Section 1 of that article expressly authorizes the Commission to prescribe rules and regulations for the management and conservation of those resources, and that the provisions of the Administrative Procedures Act contravene those *express* provisions of that section of our Constitution.

Assuming, without deciding, that the express provision in Section 4 of Article 26 of the Constitution that the Commission shall use and expend the money derived from certain sources specified therein "for the control, management, restoration, conservation and regulation of the bird, fish, game and wildlife resources of the State, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto and for no other purpose," would, by necessary implication, confer upon the Commission the broad jurisdiction over the control, management, restoration, conservation and regulation of the bird, fish, game and wildlife resources of the state, apparently claimed for the Commission in the respondents' brief, it does not follow that any authority conferred, by some other section of that article, upon the Commission to prescribe rules and regulations would, automatically, include the authority to prescribe rules and regulations covering that entire field and the general public's rights or privileges with respect to any such wildlife.

■■ The Commission's only constitutionally-granted authority concerning the matter of rules and regulations must be found in Section 1 of Article 26 of the Constitution, which, insofar as pertinent herein, provides that:

"There is hereby created a Department of Wildlife Conservation of the State of Oklahoma and an Oklahoma Wildlife Conservation Commission. The Department of Wildlife Conservation shall be governed by the Wildlife Conservation Director, hereinafter created, under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission. Such rules and regulations and amendments thereof shall be filed and recorded

in the office of the Secretary of State, and shall become effective on the tenth (10th) day following such filing. * *"

We think it is clear (and the respondents concede) that the words "such rules and regulations," as used in the last sentence quoted above, refer back to the rules and regulations mentioned in the immediately-preceding sentence. While the last sentence in the quotation does expressly provide that the rules and regulations mentioned in the immediately-preceding sentence shall be filed and recorded in the office of the Secretary of State and shall become effective on the tenth day following such filing, it is to be noted that those sentences do not—either separately or together —*expressly* authorize the Oklahoma Wildlife Conservation Commission to prescribe any rules or regulations, and do not—either separately or together—contain any provision whatsoever concerning the procedure to be employed by the Commission in formulating or prescribing the rules and regulations that are mentioned therein. Therefore, the provisions of the Administrative Procedures Act which would be applicable in the matter of the making of such rules and regulations, if the provisions of that act be applied to the Commission, cannot contravene the provisions (express or implied) of Section 1 of Article 26 of the Constitution concerning the same subject-matter.

It is to be noted that the Oklahoma Wildlife Commission is neither the subject of, nor the primary concern of, the controlling sentence: *"The Department* of Wildlife Conservation *shall be governed* by the Wildlife Conservation Director, hereinafter created, *under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission."* The subject of the sentence is the Department of Wildlife Conservation, and the primary concern of the sentence is to state how that department shall be "governed." Giving the language of that sentence its ordinary meaning, the rules and regulations and policies men-

tioned therein concern the government or internal management and operation of the Department of Wildlife Conservation. However, such provision does not preclude legislation which would affect private rights or concern procedures available to the public.

Such a statement is expressly excluded from the definitions of the terms "rule" and "order" set forth in subsections (2) and (6) of Section 1 of the Administrative Procedures Act (75 O.S.Supp. 1968 § 301).:

" 'rule' means any agency statement of general applicability and future effect that implements, interprets or prescribes substantive law or policy, or prescribes the procedure or practice requirements of an agency. The term includes the amendment or repeal of a prior rule but does not include (A) the issuance, renewal or denial of licenses; (B) the approval, disapproval or prescription of rates; (C) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public; (D) interagency memoranda; or (E) declaratory rulings issued pursuant to Section 8;

" 'rule making' means the process employed by an agency for the formulation of a rule;

" 'order' means all or part of the final or intermediate decision (whether affirmative, negative, injunctive or declaratory in form) by an agency in any matter other than rule making, or rulings on motions or objections made during the course of a hearing, or exclusions described [in] clauses (C) and (D) of subsection (2) of this Section 1;

" 'individual proceeding' means the process employed by an agency for the formulation of an order."

Consequently, the provisions of the Administrative Procedures Act which relate to "rules" and "orders," as defined therein, and to "rule making" and "individual proceedings," as defined therein, are not intended to apply to the rules, regulations and policies mentioned in Section 1 of Article

26 of the Constitution, and there can be no conflict between those provisions of the legislative enactment and those provisions of the Constitution.

■ And, since those provisions of the Constitution do not purport to authorize the Wildlife Conservation Commission to grant, deny, renew, revoke, suspend, annul, withdraw, or amend "licenses," as that term is defined in subsection (3) of Section 1 of the Administrative Procedures Act, the provisions of that act relating to "licensing," as that term is defined in subsection (4) of Section 1 of that act ("the agency process respecting the grant, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license") are also not in conflict with those provisions of the Constitution.

The respondents' only argument against construing these provisions of Section 1 of Article 26 of the Constitution as relating only to rules and regulations which pertain solely to the internal management of the Wildlife Conservation Department is that, at the time of the adoption of Article 26, on July 3, 1956, there were no statutes which required state agencies to file copies of any of their rules or regulations in any other office; that, by express exclusion, the 1961 act which provides that state agencies possessing rule-making powers shall file copies of their rules and regulations with the Secretary of State and with the State Librarian and Archivist (75 O.S. 1961 §§ 251–257) would not apply to rules and regulations which pertain solely to an agency's internal operation and organization; and that it seems incongruous that this 1956 amendment to the Constitution would provide for the filing of rules and regulations pertaining solely to the internal operation and organization of the Wildlife Conservation Department when the statutes did not, and do not, provide such a requirement as to other state agencies.

■ We are not aware of any principle of constitutional interpretation (and the respondents do not suggest any such principle) which would allow an incongruity between a constitutional provision and the provisions of a subsequently-enacted statute to be considered in interpreting the constitutional provision. To dispel any anxiety about the source of that requirement in Section 1 of Article 26 of the Constitution we note that the above-quoted language of that section of the Constitution is patterned rather closely after language contained in Section 103 of the 1951 "Game and Fish Act," which appeared in the Oklahoma Statutes 1951 as Sections 101 through 116 of Title 29:

> "There is hereby created a State Game and Fish Department and a State Game and Fish Commission in and for the State of Oklahoma. Such Department shall be governed by the State Game and Fish Director hereinafter created under such rules, regulations and policies as may be prescribed by the State Game and Fish Commission. Such rules and regulations as adopted by the State Game and Fish Commission shall be filed and recorded in the office of the Secretary of State. * * *"

We also note that, unlike Article 26 of the Constitution, that 1951 act also contained express provisions concerning the Commission's powers and duties in general, including provisions concerning rules and regulations and regulating "seasons and harvest in fish and wildlife" (See, for instance, 29 O.S.1951 § 106, now 29 O.S.1961 § 106), which, by virtue of Section 7 of a 1957 act "vitalizing" Article 26 of the Constitution (29 O.S.1961 § 127), are applicable to the Oklahoma Wildlife Conservation Commission created by that article of the Constitution.

■ Assuming that the Commission was authorized in the first place to take the action it took—a question which we do not here decide—it stands admitted that the Commission made no attempt to first comply with applicable provisions of the Administrative Procedures Act.

■ We hold that the provisions of the Administrative Procedures Act (House Bill No. 865 of the Twenty-ninth Oklahoma

Legislature; Chapter 371 O.S.L. 1963; 75 O.S.Supp. 1968 §§ 301–325) are not unconstitutional as applied to the Oklahoma Wildlife Conservation Commission, and that the provisions of that act are applicable to that commission.

Because, however, it would serve no useful purpose at this time to issue the writ prayed for by petitioners, the same is hereby denied.

All the Justices concur.