The Office of the Attorney General is in receipt of your request for an official opinion wherein you ask the following question: "Can the Wildlife Conservation Commission pass a policy which would eliminate anyone from being employed by this Department who has any relative already employed here ?" Article XXVI, Section 1 of the Oklahoma Constitution creates the Oklahoma Wildlife Conservation Commission and the Department of Wildlife Conservation. Thereafter, Okla. Const. Article XXVI, Section 1 provides in pertinent part: ". . . The Department of Wildlife Conservation shall be governed by the Wildlife Conservation Director, hereinafter created, under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission . . ." Further, Article XXVI, Section 3, provides in pertinent part: ". . . . The Commission shall determine the qualifications of the Director, all assistants and employees." The Oklahoma Supreme Court in Ray v. Thompson, Okl., 458 P.2d 300
(1969), construed Art. 26, 1 as granting to the Commission authority to control by rule and regulation in the "internal management" of the Department. Coupled with the Constitutional authority of the Commission to "determine the qualifications" of all Department employees, there can be little doubt as to the ability of the Commission to promulgate rules and regulations which disallow certain classes of persons from employment with the Department. Our inquiry cannot, however, stop at this point. The Legislature of the State of Oklahoma has the constitutional authority to legislate on all proper subjects, which authority is limited only by the restrictions the Constitution itself imposes. Okla. Const., Article V, Section 36. It is well within the authority of the Legislature to establish priorities, policies and limitations for the operation of government as a whole. The nepotism laws limiting access to public employment by persons related within certain degrees of kinship to public officials is just such a generalized policy. 21 O.S. 481 [21-481] and 21 O.S. 483 [21-483] (1971). The prohibitions of the nepotism statutes establish minimum levels of conduct below which public officials may not fall. The constitutional grant of authority to the Wildlife Commission to control the "internal management" of the Department cannot be viewed as having been intended by the people of the State to place the Department outside the authority of the Legislature to prescribe minimum requirements as to honesty, frugality, efficiency and fairness for all of State government. While the Court in Ray v. Thompson, supra, did not expressly so state, the construction the Court gave Article XXVI, Section 1 was a narrow one intended to limit the Commission's prerogatives to purely internal affairs. The concerns embodied by the nepotism statutes are much broader than the purely parochial problems relative to the management of the Department of Wildlife Conservation. The inquiry here, however, is whether the Commission may by rule adopt standards of employment more stringent than the minimums dictated by the nepotism laws. So long as the Commission meets the minimums established by the nepotism laws, it is free to exercise its constitutional authority to regulate the terms and conditions upon which relatives of existing employees of the Department may be employed. It is, therefore, the official opinion of the Attorney General that the Wildlife Conservation Commission may by rule adopt reasonable policies regulating the employment of persons related to present employees of the Department so long as the policies adopted do not violate the prohibitions of the nepotism laws, 21 O.S. 481 [21-481] and 21 O.S. 483 [21-483] (1971). (VICTOR G. HILL, JR.) (ksg)