The Attorney General's Office is in receipt of your opinion request wherein you ask the following question: "Is a constitutional agency (Wildlife Department) required to submit its rules and regulations for its acceptance or rejection, to the Legislature?" Article XXVI, Section 1
of the Oklahoma Constitution states in part: "There is hereby created a Department of Wildlife Conservation of the State of Oklahoma and an Oklahoma Wildlife Conservation Commission. The Department of Wildlife Conservation shall be governed by the wildlife conservation director, hereinafter created, under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission. Such rules and regulations and amendments thereof shall be filed and recorded in the Office of the Secretary of State, and shall become effective on the tenth (10th) day following such filing." 29 O.S. 3-101 [29-3-101] [29-3-101](A) (1974) provides that there is hereby created a Department of Wildlife Conservation and a Wildlife Conservation Commission in and for the State of Oklahoma under ArticleXXVI, Section 1 of the Constitution of the State of Oklahoma, and such department shall be governed by the Stab Wildlife Conservation director, which position is created in 29 O.S. 3-104 [29-3-104] (1974), under such rules, regulations and policies as may be prescribed by the Commission. Such rules and regulations and amendments thereto, as adopted by the Commission shall be filed and recorded in the Office of the Secretary of State. The Oklahoma Supreme Court specifically addressed the language of Article XXVI, Section 1 in Ray v. Thompson, Okl.,458 P.2d 300 (1969). The issue in Ray v. Thompson, supra, was whether the Wildlife Conservation Commission was subject to the provisions of the Administrative Procedures Act. The Court concluded that Article XXVI, Section 1 had application only to the "internal management" of the Department of Wildlife Conservation as governed by rules of the Commission. When fashioning rules and regulations applicable to the public, the Commission was required to comply with the Administrative Procedures Act. Ray v. Thompson, supra, is controlling authority over the present inquiry. Rules, regulations and orders of the Commission affecting the public or the exercise of private rights are subject to the rule making procedures established by the Administrative Procedures Act, including the provisions for legislative review. 75 O.S. 308 [75-308] (1978). It is, therefore, the official opinion of the Attorney General that rules, regulations and policies affecting the government or internal management of the Department of Wildlife Conservation are excepted from control by the Legislature but rules and regulations affecting private rights or procedures available to the public are subject to legislative review as required by 75 O.S. 308 [75-308] (1978). (VICTOR G. HILL, JR.) (ksg)